IN THE

SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1852, IN THE THIRTY-SIXTH
YEAR OF THE STATE.

---

## WILLIAMS *v.* OLIPHANT.

Assumpsit by *A.* against *B.* for a breach of contract by the latter, who had agreed to lease to *A.* a house and small farm, and afterwards refused to let him enter upon or have the premises. At the trial, the defendant asked the Court to instruct the jury, that the rule of damages in the case was the difference between the rent which *A.* was to pay and the market value of the rent of the premises at the time they were to be delivered to *A.*, and that if the rent to be paid by *A.* was the highest in the neighborhood, and no greater rent could be had for the premises by *A.*, he was only entitled to nominal damages. The Court refused to give the instruction; but gave the following: " Remote or special damages, such as expenses for removing to a more remote farm, are not to be allowed; but for all such as legitimately and directly arise from the breach, you are to give the plaintiff the equivalent of performance, in money. If the defendant is delinquent or in fault by breaking his contract, he is bound to repair the loss of the plaintiff thereby." *Held,* that the instruction asked by the defendant was correctly refused. *Held,* also, that the instruction given was, so far as it went, substantially correct.

The rule as to the measure of damages upon the breach of a contract for the sale of goods, is not applicable to a case like the present.

May Term,
1852.

WILLIAMS
V.
OLIPHANT.

Monday,
May 24.

APPEAL from the *Franklin* Circuit Court.

SMITH, J.—This was an action of assumpsit commenced before a justice of the peace and appealed to the Circuit Court. The cause of action was an alleged breach of contract by *Williams,* who had agreed to lease to *Oliphant* a house and small farm, and afterwards refused to let him enter upon or have the premises. The cause was submitted to a jury, who found for the plaintiff, and assessed his damages at 21 dollars and 25 cents.

*Williams,* the defendant below, requested the Court to give the following instructions:

" The rule of damages in this case is, the difference between the price of rent to be paid by the plaintiff, and the market price of the article at the time it was to be delivered; and if the rent to be paid by the plaintiff was the highest rent in the neighborhood, and no higher or more rent could be had for the premises by the plaintiff, the latter is only entitled to nominal damages."

These instructions the Court refused to give, but gave the following:

" Remote or special damages, such as expenses for moving to a more remote farm, are not to be allowed; but for all such as legitimately and directly arise from the breach, you are to give the plaintiff the equivalent of performance, in money. If the defendant is delinquent or in fault by breaking his contract, he is bound to repair the loss of the plaintiff thereby."

The only errors complained of are, the refusal of the Court to give the instructions requested, and the giving of the charge above quoted.

We think the instructions requested by the appellant were properly refused, and that those given, so far as they go, are substantially correct.

The rule as to the measure of damages in the case of a breach of contract for the sale of goods, when the purchaser can always, or generally, purchase others without inconvenience, is not applicable to the breach of such a contract as that now in question.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

　　*G. Holland,* for the appellant.

　　*J. D. Howland,* for the appellee.