# HARRIET M. GREEN

## v.

# JOHN M. WILLIAMS.

1. DAMAGES — *measure of — for breach of covenant by lessor in refusing to deliver possession of premises.* Where a lessor executed a lease commencing *in futuro,* and, before the day arrived on which the term was to commence, without legal cause, leased the premises to other parties, and refused to deliver possession to the first lessee, — *held,* in an action for a breach of the covenants in his lease, that the difference between the rent to be paid, and the actual value of the premises at the time of the breach, must be considered the true measure of damages.

2. SAME — *need not be stated in the declaration.* And in such action the damages need not be specially stated in the declaration. They are recoverable, like damages for the non-delivery of chattels according to a contract of sale.

3. SAME — *rule of — does not apply in cases of eviction by a paramount title.* But this rule of damages will not apply to cases where a lessee has been evicted by a paramount title.

4. SAME — *additional damages.* And, in such action, where the lessor rented to another, the plaintiff may also recover all expenses necessarily incurred in consequence of the lessor's breach, so far as they are declared for.

5. SAME — *not entitled to probable profits.* But the loss of probable profits constitutes no part of the general damages. Such damages are too remote.

6. SAME — *for suspension of business — in consequence of breach.* If plaintiff's business was unavoidably suspended in consequence of the lessor's refusal to deliver possession of the premises, she is entitled to recover interest, during such suspension, on the amount of capital actually invested in her business.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. A. C. STORY, for the plaintiff in error.

Messrs. HARRISON & WHITEHEAD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The plaintiff rented of the defendant, Williams, a store in Chicago, for the purpose of carrying on the business of a milliner, and paid in advance fourteen dollars to apply on the rent, which was to be at the rate of twenty-eight dollars per month. A lease was duly executed on the 28th of March, 1866, and the term was to commence on the 1st of May and run for one year. Before that day arrived, the defendant had leased the premises to other parties and would not give plaintiff possession. Thereupon the plaintiff brought this suit upon the covenants in the lease. No justification appears for the violation by defendant of his contract. On the trial, the court held the measure of damages to be the amount paid on the lease, to wit, fourteen dollars, and refused to permit the plaintiff to prove the actual value of the term, or the expenses incurrred by her in consequence of the loss of the premises. The only question presented by the record is the proper measure of damages.

It is urged by counsel for defendant in error that, inasmuch as it is the established rule in this State, in actions on the covenant of warranty in a deed, to limit the damages for eviction to the purchase money and interest, the same rule is to be applied here. In *Kelly* v. *The Dutch Church*, 2 Hill, 105, this analogy was adopted by the court and applied to leases, but we can not but think the analogy deceptive in regard to cases like the present, where the lessor without just cause refuses possession.

Where the damages, in an action on a covenant of warranty, have been fixed at the purchase money and interest, it has been in cases where the eviction has taken place at the suit of a third person claiming under a paramount title. In such cases no intentional wrong is imputed to the grantor, and while different rules have obtained in different States, in those where the purchase money and interest have been adopted as the measure, it has been on grounds of public policy. It is not pretended that this rule in all cases furnishes adequate compensation to the grantee; but to give the present value of the lands, where a few years work such changes of value as are common in this State, would lead to still greater injustice

to warrantors. But, as already remarked, these are always cases of eviction by a third person, without the concurrence of the warrantor, and the fact that in such cases the courts have established a rule of damages which confessedly does not repair the injury, is no reason why the same imperfect remedy should be applied where the injury is directly wrought by the wanton and wrongful act of the covenantor himself.

In such cases, why should not the covenantee receive the full value of the property to which his contract entitled him? To hold the landlord, who makes a lease commencing *in futuro*, at liberty to disaffirm it at his option, and lease to any one who, before the time begins, offers him a higher rent, with no other liability than to refund the rent paid in advance, or to pay one cent damages, if no rent has been paid, would be practically to absolve him from the obligation of his contracts. Where the term is but for one year, as is generally the case, it would expire ordinarily before the lessee could obtain possession by legal means, and, if he is to be denied the recovery of damages, he is, in executing a lease not attended with the immediate delivery of possession, absolutely at the mercy of his lessor. Bound by his own covenants, he is dealing with a party who is not bound, at least so far as relates to legal redress. We cannot consent to a rule of damages so flagrantly unjust, and leading to such results. If the lessor, without a legal cause, refuses to deliver possession of the demised premises to the lessee, and is sued upon the covenants in his lease, the difference between the rent to be paid and the actual value of the premises at the time of the breach, must be considered as the natural and proximate damages. It was not necessary to state these damages specially in the declaration, as insisted by counsel for the defendant in error. They are recovered like damages for failure to deliver personal property according to a contract of sale, and, upon the same ground, the general damages presumed by the law, being the difference between the value of the article contracted for and the contract price.

The rule of damages here laid down would not of course apply to cases where a lessee has been evicted by a paramount

title. It is confined to cases like the present, where the lessor without just cause refuses to give possession. The rule has been recognized in the following authorities, which either relate to leases, or to the analogous case of a sale of real estate and a refusal in bad faith of the vendor to convey. *Newburgh* v. *Walker*, 8 Gratt. (Va.) 19; *Williams* v. *Oliphant*, 3 Ind. 271; *Ward* v. *Smith*, 11 Price, 19; *Giles* v. *O'Toole*, 4 Barb. S. C. 261; *Driggs* v. *Dwight*, 17 Wend. 74; *Robison* v. *Harman*, 1 Excheq. W. H. & G. 851; *Betner* v. *Brough*, 11 Penn. 127; *Hopkins* v. *Lee*, 6 Wheat. 109.

The plaintiff is also entitled to recover all expenses necessarily incurred by her in consequence of the defendant's refusal to give possession, so far as such expenses are declared for, but she is not entitled to recover profits that she might have made by conducting her business on the demised premises. Such damages are remote, speculative and incapable of ascertainment. Besides it does not appear that the plaintiff was not able to find another store equally favorable to her business. *Olmstead* v. *Burke*, 25 Ill. 87; *Giles* v. *O'Toole*, 4 Barb. S. C. 261. If, however, it had appeared that her business was unavoidably suspended in consequence of the defendant's breach of his contract, we are of opinion she should receive, not speculative profits, but interest during such suspension on the amount of capital invested in her business, and for the time being lying idle. *Freeman* v. *Clute*, 3 Barb. S. C. 424. The judgment is reversed and the cause remanded.

*Judgment reversed.*