# Marshall Field et al.
## v.
## Lavinia Herrick et al.

1. Landlord and tenant—Withholding possession by landlord—Rent.—It is no defense to an action for rent that the lessee never took possession, unless he was deprived of possession by the lessor; but if the tenant be at any time deprived of possession, or the possession is withheld by the landlord, or by another holding a paramount title, the obligation to pay rent ceases.

2. Lease.—Covenant for possession.—Although a lease does not contain an express covenant against incumbrances or for quiet possession, yet the law implies a covenant against all such acts of the landlord as destroy the beneficial enjoyment of the thing leased; the possession and quiet enjoyment of the premises by the lessee without hindrance on the part of the lessor, is an implied condition to the obligation to pay rent.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed May 9, 1882.

This was an action of covenant to recover· rent upon a lease alleged to have been made by appellees to appellants, for the premises known as Nos. 130 and 132 Wabash avenue, for the term of two years from March 1, 1878.    The declaration was in the usual form, and alleged that there was rent due and in arrear in the sum of $2,583.32, non-payment of which was assigned as the breach of the covenant, upon which suit was brought.    Issues were joined upon a plea of *non est factum*, and various special pleas.

To the defendants' fourth plea, the plaintiffs demurred. The court sustained the demurrer, and the defendants stood by their plea.    The plea is as follows: " And for a further plea in this behalf as to the supposed breaches of covenant in said declaration mentioned, these defendants say, *actio non*, etc., because they say that neither they nor their assignees have ever received possession of· said premises, in and by said indenture stated to have been demised to them, and that at the time when said term, by said lease or indenture, attempted to be granted

to these defendants, commenced, to wit, on the first day of March, A. D. 1878, said defendants and their assigns were kept out of possession of said premises by the plaintiffs, and neither these defendants nor their assignees were able to obtain possession of said premises, by reason whereof said premises became of no use or value to these defendants or their assigns, and said indenture in said declaration mentioned was annulled, canceled, and set aside, and the said defendants, if ever bound thereby, were released therefrom; and this the defendants are ready to verify, etc."

There was a jury trial upon the issues joined, resulting in a verdict for the plaintiffs for $3,010.36. The plaintiffs remitted $34.64, and the defendant's motion for a new trial being overruled, the plaintiffs had judgment for $2,975.76. The defendants appealed to this court.

Mr. JOHN H. THOMPSON, for appellants; that a withholding by the landlord of possession of the premises from the tenant is a good defense to an action for rent, cited Dexter v. Manley, 4 Cush. 14; Wade v. Halligan, 16 Ill. 507; Berrington v. Casey, 78 Ill. 317.

Generally, as to the creation of an agency: Story on Agency, §§ 17, 19, 47, 54; F. & M. Bank v. D. & B. Bank, 16 N. Y. 145; Summers v. Solomon, 90 E. C. L. 879.

Agency may be presumed from repeated acts of the agent, adopted and confirmed by the principal: 1 Parsons on Contracts, 49; Maclean v. Dunn, 4 Bing. 722; Morris v. Tilson, 81 Ill. 607; C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73.

As to presumption of ratification by silence of principal: Bell v. Cunningham, 3 Pet. 69; Brigham v. Peters, 1 Gray, 139.

Authority to act as agent may be inferred from circumstances: Paris v. Lewis, 85 Ill. 597; R. R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417.

Declarations of an agent in all matters within the scope of his duties, are binding upon the principal: Cook v. Hunt, 24 Ill. 535; Allin v. Millison, 72 Ill. 201; I. & St. L. R. R. Co. v. Miller, 71 Ill. 463.

Mr. J. V. LE MOYNE, for appellees; that an objection to

evidence that can be obviated by further proof, should be specific, or it will not be ground for a reversal, cited Stone v. Great West. Oil Co. 41 Ill. 85; Graham v. Anderson, 42 Ill. 514; Howell v. Edmunds, 47 Ill. 79; Moser v. Kreigh, 49 Ill. 84; Sanford v. Obrecht, 49 Ill. 146; Osgood v. Blackmore 59 Ill. 261; Stookey v. Stookey, 89 Ill. 40.

WILSON, P. J.  It is unnecessary to pass upon any of the errors assigned except the first, which calls in question the action of the court in sustaining the demurrer to the defendants' fourth plea.  That plea alleges, in substance, that when the term granted in the lease commenced, the defendants were kept out of possession of the premises demised by the plaintiffs, and that neither they nor their assignees have ever received, or been able to obtain, possession of the same.

We are unable to see why the plea does not state a good defense to the action.  It is true, the lease does not contain an express covenant of the lessor against incumbrances, nor for quiet possession, but in the absence of such covenants, the law implies a covenant against all such acts of the landlord as destroy the beneficial enjoyment of the thing leased.  The possession and quiet enjoyment of the premises by the lessee, without any hindrance on the part of the lessor, is an implied condition to the obligation to pay rent.  Taylor on Landlord and Tenant, § 377.  In Wade v. Halligan, 16 Ill. 507, it was declared to be the settled rule that the law will imply covenants for quiet possession and enjoyment against paramount title, and against acts of the landlord which prevent the beneficial enjoyment of the lease.

In Dexter v. Manley, 4 Cush. 14, Shaw, C. J., said:  " Every grant of any interest, right or benefit carries with it the implied undertaking on the part of the grantor, that the grant is intended to be beneficial; and that so far as he is concerned, he will do no act to interrupt the free and peaceable enjoyment of the thing granted."

It will be noticed that the plea does not alone state that the defendants never took, nor were able to obtain, possession; it alleges they were prevented *by the plaintiffs* from taking pos-

session. It would be no defense to an action for rent, that the lessee never took possession unless possession was withheld by the lessor, or by another under a title paramount to that of the lessor. But if the tenant be at any time deprived of the premises by the agency of the landlord, the obligation to pay the rent ceases. The withholding of possession by the landlord is precisely the same, in effect, as an eviction by him after possession has once been delivered. In either case the rent ceases.

For the error of the court in sustaining the demurrer to the the defendants' fourth plea, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.