## P. M. BAUMGARDNER

### v.

### CONSOLIDATED COPYING COMPANY.

*Landlord and Tenant—Chattels Left on Demised Premises by Land-
lord—Remedy of Tenant.*

Where a landlord fails to remove from the demised premises chattels
belonging to him, and not included in the lease, such failure does not
constitute an eviction of the tenant from the portion of the premises occu-
pied by such chattels. The proper remedy of the tenant is to remove
the chattels and charge the expense to his landlord.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
RICHARD S. TUTHILL, Judge, presiding.

Messrs. ASHCRAFT & GORDON, for appellant.

Mr. F. S. BAIRD, for appellee.

MORAN, J.      This action was brought to recover for three
months' rent of premises held and occupied by appellant
under a written lease.      The subject of the lease was a small
brick building to be used as specified in the lease for manu-
facturing purposes.      There was at the time the lease was
made a boiler and engine on the first floor of the building
leased, but the parties agree that they were not included in the
lease.      Subsequent to the execution of the written lease appel-
lant made a verbal arrangement with appellee for the use of
the engine and boiler for the sum of $5 per month.      After a
few months appellant found that the boiler and engine did not
operate to suit, and the lease thereof was canceled, and appel-
lant's contention is that appellee agreed to remove the
engine and boiler in a few days; that it failed to do so and
that he was therefore deprived of the use of the space on

the floor where the engine and boiler stood, and that such deprivation amounted to an eviction of him from the beneficial use of such portion of the premises, and therefore the rent for the months during which said boiler remained after appellant ceased to use the same was barred.

A lease is an agreement for exclusive possession, and this exclusive possession was delivered to appellant. His lease of the engine and boiler to use on the premises, was not different in effect upon the relations of the parties than would have been the leasing of a sewing machine from his landlord to be used on the demised premises. Leaving the engine and boiler on the premises after appellant's contract for their use expired and after his request that they should be removed, did not constitute an eviction, either actual or constructive. They were personal chattels belonging to the landlord, and were subject to removal by the tenant precisely as the goods of any stranger to the lease would have been.

If the owner of chattels fails to remove them from premises where they have no right to be, the owner of the premises may remove them and charge the expense of such removal to the owner of the chattels, or perhaps may charge to him storage for the same for the time they are allowed to remain. Now there was in this case no attempt by appellant to prove such damages as the law would allow him to recover. The evidence he sought to introduce was that by reason of the engine and boilers remaining on the premises, he could not place his own apparatus and therefore he lost certain orders in his manufacturing business. The effect on appellant's business of the failure to remove chattels lying on appellant's premises furnishes no measure of damages, and the court was right in excluding such evidence. Green v. Williams, 45 Ill. 206.

The expense of removal of the boiler, etc., from the premises would probably have been trifling, and appellant, if he had incurred such expense, could have set it off against rent. But he did not incur such expense and he made no attempt to offer evidence upon any other competent theory of dam-

age. There was then no proof on which the court or jury could act in allowing a set-off against the rent, and as appellant did not controvert the fact that three months' rent was unpaid, a judgment for the amount thereof was the just and necessary result of the trial. Such judgment must therefore be affirmed.

*Judgment affirmed.*