Present — Van Brunt, P. J., O'Brien and Barrett, JJ.

Order reversed and an order made requiring payment of the judgment for costs, together with the disbursements of this appeal.

---

WILLIAM ENGELSDORF, Respondent, v. HENRY B. SIRE, Appellant.

64h ´ 209´<br>84 AD²521

*Landlord and tenant — failure to give possession of the demised premises to the tenant — damages, when too remote, when speculative.*

Henry B. Sire rented premises to William Engelsdorf, but, because of an existing lease which he had given one Merrick, he was unable at the commencement of the term to give Engelsdorf possession. He allowed him, however, to occupy temporarily adjoining premises: but finally Engelsdorf, failing to get possession of the leased premises, brought an action against Sire for the recovery of the damages caused to him thereby.

*Held,* that it was error to allow Engelsdorf to recover for shelving and gas fixtures put by him into the temporary premises; that such expenditures were not a proper measure of the damages growing out of Sire's failure to put the tenant into possession of the demised premises.

A witness, called in behalf of the tenant, testified, first, that there was no difference between the actual rental value of the premises demised and the rent reserved in the lease. He stated, however, that, taking into consideration the purpose for which the tenant intended to occupy the premises, there was a difference of $1,500, at the same time admitting that he had never been engaged in a similar business; and that he knew nothing personally of the tenant's business or of his loss.

*Held,* that the testimony was speculative and would not support a recovery based upon it.

APPEAL by the defendant Henry B. Sire from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 31st day of October, 1891, upon a verdict for the plaintiff of $750, after a trial at the New York Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 5th day of November, 1891, denying a motion for a new trial made upon the minutes of the court.

*Albert I. Sire,* for the appellant.

*David Gerber,* for the respondent.

BARRETT, J.:

This action is for damages for the defendant's failure to give the plaintiff possession of certain leased premises. No question is raised upon this appeal as to the right of action. Indeed, it appears that the plaintiff was kept out of possession because of a lease given by the defendant to one Merrick, a previous under-tenant of the premises. The only questions, therefore, are as to the damages awarded at circuit. Two objections are made by the appellant; first, as to the damages generally, and, second, as to the admission of evidence with respect to special expenditures. This latter objection was, we think, well taken. It appears that when the plaintiff found it impossible to give immediate possession of the demised premises, he permitted the defendant temporarily to occupy the adjoining premises. This was in view of certain proceedings which were taken to dispossess Merrick and in the expectation that such proceedings would speedily result in giving the plaintiff possession. While the plaintiff was thus temporarily in occupation

of the adjoining premises, he expended some money thereon which he deemed necessary for the convenient transaction of his business. The learned judge, under the defendant's objection and exception, permitted proof of the expenditures thus made for shelving and gas-fixtures. These expenditures were not the direct and legitimate result of the defendant's failure to give possession of the demised premises, nor did they flow naturally from the violation of his agreement. The cases of *Driggs* v. *Dwight* (17 Wend., 71), and *Giles* v. *O'Toole* (4 Barb., 261), are cited in support of the ruling; but these cases merely hold that the lessee may, under such circumstances, recover the expense of removal to the leased premises. The general rule, as settled in this State, undoubtedly is that where the lessor fails to give possession of the leased premises, the measure of damages is the difference between the actual rental value and the rent reserved. (*Trull* v. *Granger*, 8 N. Y., 115 ; *Pumpelly* v. *Phelps*, 40 id., 60 ; *Dodds* v. *Hakes*, 114 id., 265.) Special damages, such as expenses for removing to a remote farm, are not to be allowed. (*Williams* v. *Olyphant*, 3 Ind., 271.) Nor are conjectural profits expected from the use of the demised premises. (*Dodd* v. *Hakes, supra ; Alexander* v. *Bishop*, 59 Iowa, 572 ; *Newbrough* v. *Walker*, 8 Gratt., 16.) The plaintiff here might as well have claimed for the expense of any other alterations or improvements made by him in these adjoining premises.

Such expenses had no just relation to the defendant's breach of covenant. They related solely to the defective condition of the other premises. There is no exception to the general rule of compensation nor extension thereof, in this class of cases, which would cover these items of damage. The same observation applies to the damages generally which were awarded to the plaintiff. They were wholly unsupported by competent evidence. A single real estate expert testified, in substance, that there was no actual difference between the rental value and the rent reserved ; that is, between the ordinary rental value in the market and such reserved rent. He stated, however, that, in his judgment, the value of the lease was $1,500 over and above the rent reserved, taking into consideration the intended occupancy of the premises " as a notion and dry-goods store." Upon cross-examination he explained what he meant by this statement, as follows :

"Q. Then, why did you tell this jury that the value of this lease was $1,500 over and above the rent that was to be paid there? A. Because the loss sustained by not having that as a business place during those three years would, in my judgment, amount to that.

"Q. Upon what do you base your judgment as to the loss? A. In obtaining the store.

"Q. That is, he lost $1,500 in his business, is that what you mean to tell the jury? A. He lost an equivalent to that by not having it for his business."

This was further emphasized by his subsequent testimony, namely:

"Q. Will you state to the jury what you took into consideration? A. The loss which the man sustained by not having that location for that special business in which he is engaged.

"Q. Have you any personal knowledge as to what loss he sustained? A. No; I haven't the exact facts.

"Q. Do you know anything of it yourself, except what was told you? A. Yes.

"Q. Do you mean to testify that you have personal knowledge as to what loss he sustained? A. Not his personal loss, but the loss which a man would sustain in that business on that street.

"Q. I understood you as having testified that you knew nothing about that business and never was engaged in that business, is that correct? A. Yes; that is correct.

"Q. And that you have no personal knowledge as to the loss that he sustained in that street, is that correct? A. Not from him; no."

The witness thus practically speculated upon the special profits which such a business location would be apt to produce. He repeatedly said that the fair rental value of the premises was the amount of the rent reserved in the lease. Yet he insisted that they were worth more to the plaintiff than such fair rental value. He did not claim that they would rent for more as a notion and dry-goods store, or, indeed, for any particular business. His claim was that they were worth $500 per annum more *for such a business* than their real or market-value. If, however, the plaintiff could have obtained no advance upon the rent reserved, even from people desirous of occupying the premises "as a notion and dry-goods store," then it is difficult to perceive how they could be worth more to him

except upon the theory of increased business and greater gains. Plainly, this latter is what it comes to, and it is clear that the rule which disallows speculative damages cannot be thus evaded.

We think this evidence was insufficient to justify the verdict which was rendered, and upon this ground, as well as for the error in the admission of the special items first considered, the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Van Brunt, P. J., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.