### FRIEDLAND *v.* MYERS.

(*Supreme Court, General Term, First Department.* June 29, 1892.)

1. LEASE—QUIET ENJOYMENT—BREACH OF COVENANT.
   For a breach of the covenant of quiet enjoyment in a lease the lessee can recover any special damage not speculative in character, and which can be claimed to have been foreseen by the parties.
2. SAME—MEASURE OF DAMAGES.
   Where, in consequence of the breach of the covenant of quiet enjoyment in a lease, the lessee has to dispose of goods which he intended to place in the leased premises, the difference between the cost of such goods and the amount realized from their sale is not the measure of damages to the lessee, but only evidence for the jury to consider in determining the question of damage.

Appeal from circuit court, New York county.

Action by Abraham S. Friedland against Lewis Myers for breach of a covenant of quiet enjoyment in a lease. From a judgment entered on a verdict for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Wm. Bernard.* (*Lewis Sanders,* of counsel,) for appellant. *Donohue, Newcombe & Cardozo,* (*B. N. Cardozo,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the breach of a covenant of quiet enjoyment contained in a lease. It appeared upon the trial that the defendant had signed a written lease of premises in the city of New York for five years from the 1st of May, 1890, to the plaintiff, the premises to be occupied for the purposes of a drug store, which lease contained the usual covenant for quiet enjoyment. On the 1st of May, 1890, when the plaintiff sought to enter upon the premises in accordance with the terms of the lease, he found a tenant in possession, who refused to surrender such possession, claiming under a lease made prior to that given to the plaintiff, and possession was not acquired. The plaintiff, relying upon the covenants in the lease, incurred numerous expenses in preparing to occupy the premises for the purposes of his trade, procured certain fixtures to be made, employed certain clerks, and purchased a stock in trade, all of which were useless because of his failure to obtain possession; and these fixtures and stock were subsequently sold at auction at a considerable depreciation. Other elements of damage were claimed upon the trial, but were disallowed by the court, and, the jury having rendered a verdict in favor of the plaintiff, from the judgment thereupon entered, and from an order denying motion for new trial, this appeal is taken.

It is claimed upon the part of the appellant that it was error to allow a recovery upon the part of the plaintiff for the expenses incurred in preparing to occupy the premises, because of the general principle that for breach of the covenant for quiet enjoyment the ordinary measure of damages is the difference between the rent reserved and the actual value of the lease. The rule is undoubtedly as stated. The general principle however, is subject to the qualification that a lessee may recover any special damages not speculative in character, especially when such damages can be claimed to have been foreseen by the parties to the lease. This rule is recognized in the case of *Bernstein* v. *Meech,* 130 N. Y. 304, 29 N. E. Rep. 255, where a party was al-

lowed to recover as part and parcel of his damage for the failure of the landlord to let the party in possession the expenses incurred in preparing and providing for the business which the plaintiff proposed to carry on upon the premises. The same principle is recognized in the case of *Griffin* v. *Colver*, 16 N. Y. 489, and it is only those losses which are speculative and uncertain which are excluded. Applying this rule to the case at bar, it would seem that the expense which the plaintiff was put to in preparing to occupy the premises in question clearly were such as he was entitled to recover, when possession was denied him by a person having a superior title.

Some question is raised in regard to the proof of damage, and that the difference between what the plaintiff paid for the drugs and what he sold them for was not the measure of damage. This the court expressly charged, and stated substantially to the jury that the difference between the cost of the goods and the amount realized was not the measure of the plaintiff's damage, but it was only evidence for the jury to consider in determining the question of damage.

The point raised as to the knowledge on the part of the plaintiff of the claim of the tenant in possession, and that because thereof the plaintiff acted in bad faith, having learned of the alleged letting before incurring the expense, cannot be sustained. The plaintiff had a right to assume that he would be let into possession of the premises at the time the landlord had covenanted he should be so let into possession. He had a right to make such preparations as were necessary in order to make that possession valuable to himself at the earliest possible moment. The landlord gave him no intimation that he would not and could not get possession; on the contrary, he seems to have insisted that he might do so. Under these circumstances, it does not seem that there was any bad faith on the part of the plaintiff in making the preparation which he did.

It is claimed that the case of *Engelsdorff* v. *Sire*, 18 N. Y. Supp. 907, (recently decided by this court,) establishes the proposition that the plaintiff cannot recover in this action. It is to be observed that the facts in the case cited were entirely different from those in the case at bar. In the case cited it was attempted to recover the cost of fixing up other premises for occupation, not for the expenses incurred in anticipation of getting possession of the premises which had been leased. There was no rule which would justify a recovery of expenses of the character disclosed by the evidence in the case of *Engelsdorff* v. *Sire*, and the two cases are not in any respect analogous. There does not seem to have been any substantial error committed on the trial of the case in the court below.

The judgment and order should be affirmed, with costs. All concur.