[No. 5574.]

MILHEIM V. BAXTER.

1. **Lease—Implied Covenants**—Every lease contains an implied covenant for quiet enjoyment when there is no expression to the contrary.—(157)

2. **Landlord and Tenant—Eviction**—Willful acts or conduct of the landlord which justify the tenant in quitting the premises amount to an eviction. The offensive conduct of tenants of adjoining premises, occupied under the same landlord, with the landlord's knowledge and permission for unlawful purposes, are within the rule.—(157)

The tenant is not, it seems, under duty in such case to inform the landlord or call upon him to abate the nuisance. He may at once abandon the premises.—(158)

3. **Damages—Loss of Profits**—The anticipated profits of a new business are too remote, speculative, and uncertain, to found a recovery.—(159)

4. **Damages—Evicted Tenant**—A tenant who for just cause quits the premises before his term expires, recovers only the difference between the rental value of the tenement, and the agreed rental.—(159)

*Appeal from Denver County Court*—Hon. H. V. Johnson, Judge.

Mr. E. T. Wells, Mr. T. J. Leftwich, and Mr. Edwin H. Park, for appellant.

Mr. John Hipp, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellee, plaintiff below, brought suit against appellant to recover damages claimed to have been sustained as the result of having been evicted from premises which she had leased from the defendant. The trial of the case resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

The first point made on behalf of defendant is, that the complaint does not state a cause of action. In her complaint, plaintiff alleged, in substance, that she rented of defendant, for the term of one year, the premises known as 818 Twenty-second Street, in the city of Denver, for a boarding and lodging house; that defendant was then the owner of the adjoining premises, No. 816; that these premises were then, and for a long time prior thereto had been, and thereafter were, used and occupied, with the knowledge and consent of defendant, as an assignation house, where immoral men and women were constantly meeting, for immoral purposes; that she was not aware of the character of such premises when she leased those adjoining, and that she was greatly annoyed by the vulgar and indecent conduct of the tenants in No. 816.

It is urged that these averments are insufficient in that the lessee runs the risk of the condition of the premises unless there is an express agreement to the contrary, for the reason that, except in the case of furnished apartments, there is no implied covenant

by the landlord that the leased premises are tenantable, or fit for the purpose for which they are let. Plaintiff is not complaining of the physical condition of the leased premises, but that defendant was guilty of acts which prevented her from the free use and enjoyment thereof. Unless expressed to the contrary, a lease contains, of necessity, an implied covenant for the quiet enjoyment of the leased premises.—*Pickett v. Ferguson,* 45 Ark. 177; *Field v. Herrick,* 10 Ill. App. 591; *Avery v. Dougherty,* 102 Ind. 443.

Any act willfully done by a landlord which justifies the tenant vacating the leased premises, and he vacates them on this account, amounts to, and may be treated as, an eviction; and where the tenant has leased premises for a lawful purpose and has been driven therefrom before the expiration of his lease by the conduct of persons occupying adjacent premises for immoral purposes, which the landlord owns and controls, and which he knowingly permits to be occupied for such purpose, a case is made within this rule.—*Lay v. Bennett,* 4 Col. App. 252; *Dyett v. Pendleton,* 8 Cowan 727.

The complaint, so far as considered, is sufficient.

It is next urged that there was no evidence of an eviction. In support of this claim, it is contended that there was no evidence tending to prove that the defendant had actual knowledge of any improper conduct on the part of the tenants of No. 816, or that plaintiff was injured or disturbed by such conduct, and that it appears that plaintiff, without any complaint or request to the landlord to suppress the illegal conduct of the occupants of No. 816, abandoned the premises she had leased. From the evidence submitted, there is no doubt regarding the character of the premises known as No. 816. The evidence discloses beyond all question that they were occupied for immoral purposes. It is also ap-

parent from the testimony that the plaintiff was injured and disturbed by the conduct of the persons occupying such premises. It is probably true the evidence fails to disclose that plaintiff notified defendant of the character of the persons occupying No. 816, or requested the landlord to compel the persons occupying such premises to vacate or cease their unlawful conduct. We do not believe that plaintiff was required to take any such steps; at least, counsel for defendant have cited no authorities holding that she was required to do so. It appears, from the testimony, that No. 816 had long been occupied for immoral purposes under circumstances which would justify the jury in finding that defendant had full knowledge that they were so occupied. When the lessor, by an illegal act, materially disturbs the possession of his tenant which he should protect and defend, the latter may abandon the premises leased. —*Lay v. Bennett, supra.*

Over the objection of defendant, plaintiff was permitted to testify that she purposed occupying the premises rented as a rooming and boarding house; that the house contained ten rooms; that she only required two for her own use; that she could have rented eight at twelve dollars per month each, and could have accommodated from fifteen to twenty-five boarders; that the profit on each boarder would be about one dollar a week. At the time she vacated the premises, she had occupied them about two weeks. She further testified that the loss to her business was about $1,638.00.

The court instructed the jury to the effect that if they found for plaintiff, she was entitled to recover damages in such sum as they might believe, from the evidence, she suffered by reason of the defendant failing to give her a·quiet, peaceable and undisturbed possession of the leased premises for the

term for which they were leased. The jury returned a verdict in the sum of $1,180.00. In the circumstances of this case, the evidence admitted. and the instructions given, were erroneous.

It appears that she had not established a business in the premises rented. The only roomers she had were guests. She says she never had any applications for roomers or boarders, but felt confident she would have secured all she could accommodate had it not been, as we infer, for the character of the premises next door. The business in which she intended to engage was a new one; hence, there was no basis upon which to estimate a loss of profits. They were remote, speculative and incapable of ascertainment. She might have secured all the boarders and roomers she could accommodate, and she might not. The profits she claimed to have lost were purely conjectural, and embraced too many elements of uncertainty to form a just basis upon which to measure damages on this account. The tenant cannot recover as damages for eviction anticipated profits on a business not established.—1 Sedgwick on Damages, § 185; *Green v. Williams,* 45 Ill. 206; *Engstrom v. Merriam,* 64 Pac. (Wash.) 914.

Except such special damages as plaintiff might have been entitled to recover, her recovery should have been limited to the actual rental value of the premises, over and above the rent she agreed to pay, from the time she was evicted.—Sedgwick on Damages, *supra; Green v. Williams, supra;* 3 Sutherland on Damages, 149; *Engstrom v. Merriam, supra.*

The judgment of the county court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Campbell and Mr. Justice Hill concur.