No. 18,617.

THOMAS W. NEVIN, ET AL. *v.* EILEEN BATES.
(347 P. [2d] 776)

Decided December 14, 1959.    Rehearing denied January 4, 1960.

Mr. CHARLES A. MURDOCK, for plaintiffs in error.

Mr. HARRY SOBOL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties as they appeared in the trial court where plaintiffs in error were defendants. They seek reversal of a judgment entered on a jury verdict for damages for breach of a lease contract.

It is not necessary to burden this opinion with a recital of the negotiations, execution of the lease and subsequent events. Suffice it to say that the jury was properly instructed and found that there was a binding lease between the parties and a breach thereof by the defendants. There was sufficient evidence to support these findings, and this portion of the judgment is affirmed.

The defendants assert that the verdict was excessive and that any amount above $695.60 is not supported by any competent evidence. Plaintiff was the only witness as to her alleged damages. It is contended that the jury was allowed to speculate on the damages, the court permitting the plaintiff to give testimony on her own estimate of anticipated profits, such testimony being purely conjectural and speculative. With this contention we agree.

The lease was entered into in advance of the completion of a new shopping center in southwest Denver, and the breach occurred when the defendants notified plaintiff that she did not have a lease and they would not permit her to move into the premises. She had not changed her position and was still in business at her downtown location. However, she claimed damages for loss of anticipated profits. This was to be a new business, in a new and untried area. She was permitted to testify that she was going to have four operators in addition to herself. No facts were shown to the jury to justify her belief that there would be enough business

in the area to warrant so many operators. She testified that she would receive one-half of the gross receipts of each operator, but she had not arranged any working agreement with any person and presented nothing to justify a conclusion that any operator would work in the shop, or, if so, would be willing to pay her half of his or her gross receipts for the privilege. She estimated her expenses rather conservatively, without facts on which to base the quantity of supplies she would require or the cost of utilities. Among her expenses was figured the rent, but only at a minimum figure. The fact is that on the volume of business she speculated would be done, her rent under the lease would be more than double by reason of the clause predicating the rent on a percentage of the gross business. Her claimed loss was purely conjectural, based upon the complete fruition of her most ambitious hopes and dreams for the new venture. As was said in *Central Coal and Coke Co. v. Hartman,* 111 Fed. 96:

" * * * the testimony demonstrates the fact that the basis of this judgment is nothing but the mere guess of an interested witness. Litigants cannot be permitted to estimate the money out of the coffers of their opponents in this reckless way. * * * Expected profits are, in their nature, contingent upon many changing circumstances, uncertain and remote at best. They can be recovered only when they are made reasonably certain by the proof of actual facts which present data for a rational estimate of their amount. The speculations and conjectures of witnesses who know no facts from which a reasonably accurate estimate can be made form no better basis for a judgment than the conjectures of the jury without facts. * * * The result is that the verdict is a speculation of the jury, based on conjectures of an interested witness, unsupported by the proof, or the knowledge of any facts from which plaintiff's loss, or its amount, could lawfully or rationally be inferred, and it cannot be sustained."

For a case out of this court holding similarly, see *Mil-*

*heim v. Baxter,* 46 Colo. 155, 103 Pac. 376; *Brenaman v. Willis,* 136 Colo. 53, 314 P. (2d) 691.

█ From the allegations in the complaint and from the testimony of the plaintiff, it is apparent that the only competent evidence with respect to damages before the jury was upon the loss of time of the plaintiff which she estimated at thirty days spent in shopping for equipment for the new location and consulting with various persons on the design and arrangement of the shop. She estimated the time spent at $20 per day, and this is supported in part by her testimony that as a beauty operator she made approximately $5000 a year or approximately $100 per week. Thus $20 a day for thirty days plus the $95.60 representing the first month's rent deposit made by her at the time of the execution of the lease would support a verdict in the sum of $695.60, but any amount above that sum is excessive.

The judgment is ordered modified by reducing the amount thereof to $695.60 together with interest at the legal rate from the date of the entry of the original judgment, and, as so modified, is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE HALL concur.