472 P.2d 156 (1970)
SHURTENDA STEAKS, INC., a Colorado corporation, Plaintiff in Error,
v.
WALKLING CORPORATION OF COLORADO, Wilbert A. Klingmeyer, Edward F. Kosan, and John Wenzivsky, Defendants in Error.
No. 70-050. (Supreme Court No. 22860)
Colorado Court of Appeals, Div. II.
May 12, 1970.
Hollenbeck, King & French, Peter C. Dietze, Boulder, for plaintiff in error.
Russell W. Bartels, Denver, for defendants in error.
Not Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The plaintiff in error, Shurtenda Steaks, Inc., was the defendant in the trial court and will be referred to as Shurtenda. The defendants in error, Walkling Corporation of Colorado and the individual defendants, officers of the corporation, will be referred to collectively as Walkling.
Shurtenda is engaged in the business of selling a cooked meat product which it manufactured using formulas and processes which it had developed. In January, 1965, Shurtenda and Walkling entered into a two year contract providing in substance that Shurtenda would furnish Walkling the information necessary for Walkling to process this meat product. Walkling agreed to process and manufacture the meat product for Shurtenda and also agreed that it "will not process or sell any of the food products covered by the agreement to anyone *157 other than Shurtenda, who shall be Walkling's sole customer." Under the terms of this contract, Walkling began processing for Shurtenda in January of 1965. In November, 1965, Walkling entered into a contract with another company, Arac Brand Meats, whereby Walkling agreed to manufacture and process a cooked meat product to be sold to Arac. Thereafter, Walkling sold such product to Arac.
Walkling brought this suit against Shurtenda to recover the unpaid amount due for goods which it had delivered to Shurtenda. Shurtenda admitted this liability and the court entered judgment in favor of Walkling for $7,685.00. Shurtenda filed a counterclaim against Walkling, seeking a permanent injunction restraining Walkling from manufacturing the product and damages for the breach of the contract.
The trial court found that Walkling had breached the contract with Shurtenda by producing and selling similar meat products to Arac; that Arac was a competitor of Shurtenda; that Shurtenda would suffer irreparable injury if Walkling were allowed to so produce. The court then entered a permanent injunction restraining Walkling from supplying the meat products to anyone other than Shurtenda. The trial court denied Shurtenda's claim for damages.
On this writ of error, Shurtenda alleges that the trial court erred in disallowing its claim for damages because the evidence unequivocally showed that it had been damaged by Walkling's breach of the contract.
In order for Shurtenda to recover actual damages, the burden was upon it to prove that actual damages resulted from the breach and to prove facts which provide a reasonable basis for the calculation of the amount. Colorado National Bank v. Ashcraft, 83 Colo. 136, 263 P. 23 (1928); Westesen v. Olathe State Bank, 75 Colo. 340, 225 P. 837 (1924) and Richner v. Plateau Live Stock Co., 44 Colo. 302, 98 P. 178 (1908).
Shurtenda attempted to prove that it lost "profits" as the result of the breach of the agreement by Walkling. To be recoverable as damages for breach of contract, net profits must be reasonably ascertainable on the basis of plaintiff's past experience and must not be speculative, remote, or imaginary. Nevin v. Bates, 141 Colo. 255, 347 P.2d 776; Lee v. Durango Music Co., 144 Colo. 270, 355 P.2d 1083. Shurtenda's theory was that it could have bought and marketed all of the meat patties which Walkling produced for Arac; and that its net profit, based on its own experience and accounting would not be less than 4.68 cents a pound, or a total of $9,442.36. Shurtenda further contended that it suffered damages in the amount of $1,518.15 because it was forced to lower its prices to meet those set by Arac.
Shurtenda's evidence was disputed. Walkling contends that the formula by which Shurtenda computed the 4.68 cent profit figure was inaccurate because it omitted certain items of cost. The inclusion of such cost items in the formula would change the profit per pound figure to a loss per pound figure.
Walkling introduced testimony that Shurtenda sought to terminate this contract because it was unprofitable to Shurtenda. Walkling also introduced evidence that Shurtenda refused to accept delivery of the minimum amount specified in the contract because it was unable to market that amount. There was evidence that Shurtenda was producing the same product at its own plant at a lower cost than the contract price with Walkling, and that if Shurtenda had purchased from Walkling the quantity of meat which Walkling sold to Arac, Shurtenda would have suffered a loss.
The evidence before the court was conflicting. The credibility of the witnesses, the sufficiency, probative effect, and weight of all the evidence, and the inferences and conclusions to be drawn therefrom were all within the province of the *158 trial court. The court denied Shurtenda's claim for damages and this was a factual determination which will not be disturbed on review.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.