513 P.2d 234 (1973)
POWER EQUIPMENT COMPANY, a Colorado corporation, Plaintiff-Appellant,
v.
John S. FULTON, d/b/a J. S. Fulton Concrete, Defendant and Third Party Plaintiff-Appellee,
v.
ALLIS-CHALMERS MFG. CO., Third-Party Defendant-Appellant.
No. 72-355.
Colorado Court of Appeals, Div. I.
August 8, 1973.
*236 Dayton Denious, Edward T. Able, Jr., Denver, for plaintiff-appellant and third party defendant-appellant.
Kane, Donley & Wills, Hayden Kane, Colorado Springs, for defendant and third party plaintiff-appellee.
Selected for Official Publication.
PIERCE, Judge.
John S. Fulton, doing business as J. S. Fulton Concrete, purchased an Allis Chalmers portable rock crusher from Power Equipment Co. When Fulton defaulted in payment on the installment contract, Power Equipment Co. filed this action to recover the unpaid balance of the purchase price. Fulton denied liability, counterclaimed against Power Equipment Co., and filed a third-party complaint against Allis Chalmers, claiming damages for breach of warranty and negligence against both. The matter was tried to a jury. Special verdicts were returned in which both Power Equipment Co. and Allis Chalmers were determined to be negligent. Power Equipment's liability was assessed at $5,000 and Allis Chalmers' liability was assessed at $45,000. Power Equipment Co.'s claim for the balance of the purchase price was denied.
Power Equipment Co. and Allis Chalmers bring this appeal. No error is asserted with regard to the jury's conclusion that both were negligent. Rather, the issue raised on appeal by both appellants is the propriety of the damages assessed against them by the jury. Both contend that the jury's verdict is excessive and without support in the record. Power Equipment also contends that the jury erred by not awarding it the unpaid balance of the purchase price. Due to confusion in the jury instructions, we agree that the damages assessed by the jury cannot be sustained. We also agree that Fulton is liable for the balance of the purchase price. Therefore, the matter will be remanded for a proper determination of Fulton's damages.

I.
The jury, by basing liability upon negligence, was necessarily limited to a negligence remedy. In actions to recover for damages to personal property where, as here, plaintiff is claiming that the property has been rendered unusable by defendant's negligence, plaintiff's damages are loss of use of the item. D. Dobbs, Remedies, ¶ 5.11. The proper measure of loss of such use, in a business such as Fulton's, is lost net profits. Lee v. Durango Music, 144 Colo. 270, 355 P.2d 1083. In the trial of this matter, Fulton offered evidence that complied with the rule stated in the Lee case, and the jury was given a damage instruction which complied with the rule.
Citing Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862, Fulton contends that we must, therefore, affirm the judgment. However, there was evidence admitted at the trial that, if considered by the jury, would allow damages other than those appropriate to a negligence verdict. Specifically, the jury heard evidence with regard to the proof of the true value of the machine as compared to the contract price, and proof of the value of Fulton's equity in the machine of approximately $50,000. However, the jury was not properly instructed as to how it should apply this evidence to the law. The instruction resulted in reversible error.
First, with regard to proof of the true value of the machine as compared to the contract price, we note that such proof would have been relevant to a warranty remedy. C.R.S.1963, XXX-X-XXX; Comet Industries, Inc. v. Best Plastic Container Corp., D.C., 222 F.Supp. 723. The jury, however, was not given an instruction to indicate to them what the proper measure of damages for breach of warranty would be. But since the jury specifically rejected the warranty theory of liability, and since the verdict is in no respect comparable to the true value of the machine as proved, any error of omission in instructing on this theory is harmless error.
The same cannot be said with regard to the evidence which established Fulton's equity in the machine to be approximately $50,000. Return of Fulton's equity *237 would not be a proper measure of damages on a negligence theory of liability. Yet, after being presented with evidence as to Fulton's equity, the jury was instructed that if it found that Fulton "had lawful grounds to suspend the obligation of payment, then he is not obligated to the terms of the contract."
The giving of this instruction could be justified only in a situation where rescission was a possible remedy. However, because Fulton continued to use the machine for a considerable period of time after the defects were discovered, this is not a proper case for rescission. Gladden v. Guyer, 162 Colo. 451, 426 P.2d 953.
The jury was given no indication of what it might do with the proof of Fulton's equity, and because of the above erroneous instruction, the jury, by denying Power Equipment's claim for the balance of the purchase price, gave inappropriate relief in the form of a rescission. The verdict, being consistent only with a rescission remedy will not be sustained.

II.
Next, the parties are in disagreement as to whether the proof offered with regard to Fulton's loss of profits was sufficient to comply with the rule of certainty required by Lee v. Durango Music, supra. Fulton testified as to the costs of his business and his gross sales. From this testimony, the jury could arrive at a net profit figure. Although there was some uncertainty in these figures, such uncertainty is not grounds for denying recovery of damages where the uncertainty is to the amount of lost profits rather than to the existence thereof. Peterson v. Colorado Potato Flake & Mfg. Co., 164 Colo. 304, 435 P.2d 237. Nor do we think that Fulton's case should fail because he, alone, testified as to his loss. Under the circumstances before us, an injured party is competent to testify to his own loss. Heckman v. Warren, 124 Colo. 497, 238 P.2d 854.

III.
Upon retrial of this case, in addition to the other instructions applicable to a trial on damages alone, the jury should be instructed that Fulton is responsible for the balance of the purchase price of the machine, less any credits he might be entitled to from the resale of the machine and less such damages as were proximately caused by the negligence of the other two parties.
Judgment is reversed and the case remanded for a new trial on the issue of damages only.
SILVERSTEIN, C. J., and COYTE, J., concur.