Wayne COPE, Plaintiff-Appellant,

v.

**VERMEER SALES AND SERVICE OF COLORADO, INC., Defendant-Appellee.**

No. 81CA0438.

Colorado Court of Appeals,
Div. III.

April 8, 1982.

Rehearing Denied May 20, 1982.

Certiorari Denied Aug. 9, 1982.

**1308**

Howard Morrison, Colorado Springs, for plaintiff-appellant.

Kane, Donley & Wills, Earl William Shaffer, Jr., Colorado Springs, for defendant-appellee.

TURSI, Judge.

Plaintiff, Wayne Cope, appeals the trial court's order granting defendant's *in limine* motion to prohibit evidence of lost anticipated net profit. Plaintiff sought to introduce this evidence to establish special consequential damages flowing from defendant's negligence, which negligence plaintiff claims caused him to lose the benefits of a business venture. We reverse.

Plaintiff was developing a new business of selling specimen trees on a wholesale and retail basis. In October 1979, he rented a tree spade from defendant. He also hired defendant to install new tires on a trailer to be used to haul the tree spade. Immediately thereafter, during plaintiff's trip to Montana to dig up specimen trees, a tire with the wheel came off the trailer, causing a one-vehicle accident and damaging plaintiff's pick-up truck, the trailer, and the tree spade.

Plaintiff filed a complaint seeking to recover general property damages as well as special consequential damages to be computed by loss of net profits. The special damages were alleged to have been caused by defendant's negligence which, combined with the unavailability of another tree spade and the impending snowfall, precluded plaintiff from obtaining the live trees for delivery to his buyers. The defendant denied liability and alleged the affirmative defense of failure to mitigate damages. After the trial court's order on the *in limine* motion, the remaining issues proceeded to trial. The jury found defendant 100% negligent and awarded plaintiff his general property damages. Defendant has not appealed from that judgment.

Plaintiff's proffer of evidence at the *in limine* hearing contained, *inter alia,* the following allegations: preparatory to engaging in the present effort to buy and sell specimen trees at wholesale and retail, plaintiff had purchased a 40-acre tract of suitable land for the collecting and disposition of the trees; he had taken special training in nursery management; he had previously collected and placed trees on his property; he had contracted to purchase specimen trees in Montana that fall at a specified price per tree; and he had a probable buyer for a portion of the trees at a specified price per foot. Plaintiff's proffer also included incurred and anticipated expenses to arrive at the net profit he expected to earn from the venture. Defendant introduced portions of plaintiff's deposition to rebut plaintiff's proffer.

Based on its reading of *Ford Motor Co. v. Conrardy,* 29 Colo.App. 577, 488 P.2d 219 (1971) and the fact that this was a new venture, the trial court suppressed any evidence of the claimed loss of net profits. Plaintiff contends that the trial court's order effectively dismissed his claim for special consequential damages. We agree.

The question here is whether, under the facts of this case, evidence of loss of anticipated net profits is admissible for consideration by the fact finder in determining the value of special consequential damages, if any occurred.

As a general rule a party is entitled to recover for those damages which naturally and probably result from the negligence of another. *Thompson v. Tartler,*

166 Colo. 247, 443 P.2d 365 (1968). The principle of making the injured party whole underlies all negligence cases. *Houser v. Eckhardt,* 506 P.2d 751 (Colo.App.1972) (not selected for official publication). Difficulty or uncertainty in determining the precise amount does not prevent an award of damages. *Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967). As stated in *Bullerdick v. Pritchard,* 90 Colo. 272, 8 P.2d 705 (1932):

> "The subject of measure of damages is a complicated, and often confusing, one. The general underlying principle, however, is that whoever unlawfully injures another shall make him whole."

█ When the issue of causation is resolved, the question is whether the evidence of loss of anticipated net profits contains sufficient certainty and proximity upon which to base an award of special or consequential damages. *W. Prosser, Torts* §§ 42–45 (4th Ed. 1971); *D. Dobbs, Remedies* ¶¶ 3.3 and 12.3 (1973). The rule which precludes recovery of uncertain and speculative damages applies only where the fact of damages is uncertain, not where the amount is uncertain. *Peterson v. Colorado Potato Flake & Mfg. Co., supra.* Thus, the rule for admissibility of evidence of loss of anticipated profits is whether plaintiff makes it reasonably certain by competent proof.

█ Here, the jury found that the damage to the truck, trailer, and tree spade was caused by the sole negligence of the defendant. As this court said in *Power Equipment Co. v. Fulton,* 32 Colo.App. 430, 513 P.2d 234 (1973):

> "In actions to recover for damages to personal property where ... plaintiff is claiming that the property has been rendered unusable by defendant's negligence, plaintiff's damages are loss of use of the item. *D. Dobbs, Remedies,* ¶ 5.11. The proper measure of loss of such use, in a business ... is lost net profits. *Lee v. Durango Music,* 144 Colo. 270, 355 P.2d 1083."

█ Although a plaintiff seeking to enter evidence of loss of profits in a newly established business does not have a "prior track record" to ground a claim upon, this does not create a "per se" exclusion of such loss if other competent evidence is proffered. *R. Dunn, Recovery of Damages for Lost Profits* (1978). *See also* Comment, *Remedies—Lost Profits As Contract Damages For An Unestablished Business: The New Business Rule Becomes Outdated,* 56 *N.C.L. Rev.* 693 (1978).

█ A claim for lost net profits of an anticipated business venture, absent any evidence of entry into the venture may, as a matter of law, be too speculative for submission to the trier of fact. *See Ford Motor v. Conrardy, supra; Lee v. Durango Music, supra.* However, in contrast to the plaintiffs in *Milheim v. Baxter,* 46 Colo. 155, 103 P. 376 (1909), *Nevin v. Bates,* 141 Colo. 255, 347 P.2d 776 (1959) and *Ford Motor v. Conrardy, supra,* this plaintiff had invested time and money in the venture, and he was embarked upon it. Thus, where, as here, there is more than the mere anticipation of starting a new business, the distinction between established businesses and new ones is one of degree, and goes to the weight to be given such evidence. *D. Dobbs, Remedies* ¶ 3.3; *R. Dunn, Recovery of Damages for Lost Profits, supra.*

█ Plaintiff claims the negligence of the defendant was the cause of his losing the opportunity to pick up and sell the trees for which he had contracted. Having found that defendant's negligence caused plaintiff's general damages, the jury should have been allowed to consider whether defendant's negligence was also the proximate cause of the claimed special consequential damages.

The order is reversed and the cause is remanded for trial on the issues of whether defendant's negligence was the cause of special consequential damages to plaintiff and, if so, the amount of such damages.

ENOCH, C. J., and KIRSHBAUM, J., concur.