**ACCUTOOL PRECISION MACHINING, INC., Plaintiff-Appellee,**

v.

**DENVER METAL FINISHING, Defendant-Appellant.**

**No. 82CA1163.**

Colorado Court of Appeals, Div. II.

March 29, 1984.

Frank Barone, Jr., Morrison, James S. Kimmel, Littleton, for plaintiff-appellee.

Galchinsky & Silverstein, Richard Silverstein, Edward Grossman, Denver, for defendant-appellant.

SMITH, Judge.

Accutool Precision Machining, Inc., in the process of manufacturing certain precision aircraft parts, contracted with Denver Met-

al Finishing to have the parts anodized as the final step in their manufacture. Anodizing is a process whereby the surfaces of metal parts are hardened and oxidized to make them resistant to corrosion. During the anodizing process, Denver Metal allowed or caused the surfaces of Accutool's parts to become burned and pitted, thereby rendering them valueless. Accutool sued, and at the conclusion of a trial to the court was awarded damages. Denver Metal Finishing appeals. We affirm.

## I.

Denver Metal first asserts the trial court erred in awarding damages to Accutool because Denver Metal had not contracted to assume the risk that in the anodizing process the machined parts might be destroyed.

■ This contention is without merit. The general rule in situations such as here is that, absent an express agreement to the contrary, when one undertakes to perform work on another's property, and in so doing, performs it in such a manner that the property is injured or destroyed, that person shall be responsible for the replacement or repair of such property. *See Threadgill v. Peabody Coal Co.,* 34 Colo. App. 203, 526 P.2d 676 (1974).

■ Here the only memorandum confirming the parties' oral agreement is the shipping instructions which did not, by its terms, allocate the risk of damage between the parties. Thus, there is no evidence of any agreement between the parties relative to risk allocation and liability was properly assigned to Denver Metal.

Defendant, however, would have us imply liability against Accutool based upon (a) the parties' prior course of dealing, and (b) the custom and usage in the industry. Neither basis is sufficient to support such an implication.

### A. *Prior Course of Dealing*

On one occasion nearly ten years prior to the present dealings of the parties, a similar incident occurred. Accutool had contracted with Denver Metal for anodizing certain machined parts. In the process Denver Metal damaged or destroyed some of those parts. Accutool asked Denver Metal to pay for the damage, and Denver Metal refused. No suit was ever filed.

Plaintiff's testimony indicated the amount there involved was not worth litigating. However, plaintiff thereafter refused to do any business with Denver Metal. The present contract was its first attempt to do business again with Denver Metal.

Based upon this history, Denver Metal contends Accutool impliedly agreed to assume the risk of loss under this contract. We disagree.

■ The mere fact that some ten years prior, Accutool decided not to litigate Denver Metal's liability does not mean that in the instant case it waived any right to recover by once again dealing with Denver Metal. At most, the prior dealing should have convinced the parties that the one who sought to avoid the liability should have expressly so provided in the contract. *Threadgill v. Peabody Coal Co., supra.*

### B. *Custom and Usage in the Industry*

■ Denver Metal next argues the trial court erred by failing to incorporate what it considered to be industry standards into the parties' contract. These standards, it contends, would have shifted the risk of loss to Accutool. The trial court heard testimony bearing on industry standards. We agree with the trial court's finding that this evidence was in conflict and agree with its conclusion that a standard which would have absolved Denver Metal was not proven.

## II.

■ Denver Metal next contends that admission of certain computer records into evidence constituted error. The exhibit appears to be a computer printout, summarizing the hours that Accutool's employees spent and that Accutool's machines were used in manufacturing the damaged parts. This evidence was offered by Accutool in

order to aid in establishing the monetary value of its loss. We find no error in the admission of this evidence. *Chateau Chaumont Condominium Ass'n. v. Aspen Title Co.*, 676 P.2d 1246 (Colo.App.1983); CRE 803(6).

### III.

Defendant's final contention is that the evidence was insufficient to furnish the trial court with an accurate measure upon which to base an award. The proper test is whether there is a reasonable basis in the evidence from which the finder of fact may compute damages. *Cope v. Vermeer Sales & Service of Colorado, Inc.*, 650 P.2d 1307 (Colo.App.1982). Here, the evidence did provide a reasonable basis from which the finder of fact could, and did, compute damages.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.