## STIMSON V. HELPS ET AL.

1. The law holds a contracting party liable as for a fraud on his express representations concerning facts material to the treaty, the truth of which he assumes to know, and the truth of which is not known to the other contracting party, where the representations were false, and the other party, relying upon them, has been misled to his injury.
2. Fraud is the term which the law applies to certain facts, and where upon the facts the law adjudges fraud, it is not essential that the complaint should in terms allege it. It is sufficient if the facts stated amount to a case of fraud.

*Appeal from County Court of Boulder County.*

THE complaint sets out that on the 6th day of October, 1881, William Stimson leased to the defendants in error the southwest quarter of section 21, in township 1, range 70 west, in said county, for the period of four years and six months, for the purpose of mining for coal, under the conditions of said lease; that they had no knowledge of the location of the boundary lines of said tract at the time of the leasing, and that they so informed Stimson, the defendant in the case; that they requested Stimson to go with them and show them the boundary lines; that the defendant, pretending to know the lines bounding said land, and their exact locality, went then and there with plaintiffs, and showed and pointed out to them what he said was the leased land, and the boundary lines thereof, especially the north and south lines thereof; that plaintiffs not then knowing the lines bounding said land, nor the exact location thereof, and relying upon what the defendant then and there pointed out to them as the leased land, and the lines thereof, then and there proceeded to work on the land pointed out, and sank shafts for mining coal thereon, and made sundry improvements thereon — made buildings, laid tracks, etc.; that all the said work was done and labor performed and improvements made on the land pointed out by defendant to plaintiffs as the leased land, and that plaintiffs, relying upon the statements of defendant as aforesaid, and not knowing otherwise, believed they were performing the work, and making all the improvements on the land they had so leased, which they did by direction of the defendant; that while they were working on the said land Stimson was frequently present, and told the plaintiffs they were on his land, and received royalty from ore taken therefrom; that about April 10, 1882, they were notified to quit mining on said ground by the Marshall Coal Mining Company; that the land belonged to said company;

that none of the said improvements were put on said leased land; and that they were compelled to quit work and mining thereon; that the improvements made by them were worth $2,000; that Stimson falsely represented to them other and different lines than the true boundaries of said premises, and showed and pointed out to them other and different lands than the lands leased them, and thereby deceived them and damaged them in the sum of $2,000. Issue joined and trial to the court. Motion by defendant's counsel, for judgment on the pleadings and evidence, overruled. Judgment for the plaintiffs in the sum of $2,000 and costs.

Messrs. WRIGHT and GRIFFIN, for appellant.

Mr. G. BERKLEY, for appellees.

ELBERT, J.  The law holds a contracting party liable as for a fraud on his express representations concerning facts material to the treaty, the truth of which he assumes to know, and the truth of which is not known to the other contracting party, where the representations were false, and the other party, relying upon them, has been misled to his injury.  Upon such representations so made the contracting party to whom they are made has a right to rely, nor is there any duty of investigation cast upon him.  In such a case the law holds a party bound to know the truth of his representations.  Bigelow, Fraud, 57, 60, 63, 67, 68, 87; Kerr, Fraud & M. 54 et seq.; 3 Wait, Act. & Def. 436.  This is the law of this case, and, on the evidence, warranted the judgment of the court below.

The objection was made below, and is renewed here, that the complaint does not state sufficient facts to constitute a cause of action.  Two points are made: (1) That the complaint does not allege that the defendant knew the representations to be false; (2) that it does not allege intent to defraud.

It is not necessary, in order to constitute a fraud, that the party who makes a false representation should know it to be false. He who makes a representation as of his own knowledge, not knowing whether it be true or false, and it is in fact untrue, is guilty of fraud as much as if he knew it to be untrue. In such a case he acts to his *own knowledge* falsely, and the law imputes a fraudulent intent. Kerr, Fraud & M. 54 *et seq.*, and cases cited; Bigelow, Fraud, 63, 84, 453; 3 Wait, Act. & Def. 438 *et seq.;* 2 Estee, Pr. 394 *et seq.* "Fraud" is a term which the law applies to certain facts, and where, upon the facts, the law adjudges fraud, it is not essential that the complaint should, in terms, allege it. It is sufficient if the facts stated amount to a case of fraud. Kerr, Fraud & M. 366 *et seq.*, and cases cited; 2 Estee, Pl. 423. The complaint in this case states a substantial cause of action, and is fully supported by the evidence.

The action of the county court in refusing to allow the appellant to appeal to the district court after he had given notice of an appeal to this court, and time had been given in which to perfect it, cannot be assigned as error on this record. If it was an error, it was error not before, but after, the final judgment from which this appeal is taken.

The judgment of the court below is affirmed.

*Affirmed.*