[No. 3567.]

HENRY ET AL. v. McNEALEY ET AL.

1. PRACTICE.

The supreme court will not look to the reasons given by the trial court for its judgment, but will look solely to the conclusion, and if the judgment can be sustained upon any reason it will be affirmed.

2. VOID MARRIAGE—MISSOURI STATUTE.

The statute of Missouri provides: "The issue of all marriages deemed null in law or dissolved by divorce shall be legitimate." This statute operates only upon the issue of marriages, and not upon the offspring of every unlawful cohabitation. To be aided by this statute a marriage of some kind must have existed between the parties.

3. PRESUMPTIONS.

When a man and woman are living together in apparent matrimony, and are accepted by the community as husband and wife, they are presumed to be married; but this presumption is overcome by proof that at the time one of the parties has a living wife or husband. It is not to be presumed that one of the parties to an alleged marriage was guilty of bigamy in consummating the marriage.

4. PRACTICE—CONFLICTING EVIDENCE.

It is a fundamental rule, that the conclusions of a trial court upon conflicting evidence upon a question of fact cannot be overthrown upon review in an appellate court, unless the conclusion is so manifestly against the weight of evidence as to show that the lower court either misconceived its force and effect, or that its conclusion was influenced by passion or prejudice.

*Appeal from the District Court of Weld County.*

APPELLANTS and appellees are contesting in this action the right to inherit a one-half interest in the property of one David Henry, deceased, who died intestate in this state on the 24, day of December, 1891, leaving a widow who survived him only eighteen days. This wife died without issue, leaving her mother, Nellie A. Evans, her sole heir. There is no controversy in this action over the property rights of Nellie A. Evans, it being admitted that she is entitled to an undivided one half of the estate of David Henry, deceased, the remainder of the estate only being in controversy between the parties.

The evidence develops the following peculiar state of facts: In April, 1839, David Henry, the deceased, and one Rebecca Smith were lawfully married in the state of Missouri. The certificate of this marriage was properly placed upon record, in compliance with the laws of Missouri. David Henry lived with this wife for a period of about three years, when he deserted her, the parties ever after that living apart. The issue of this marriage are the appellees, Virginia McNealey and Maria A. Baird. In 1873 Rebecca obtained a divorce from David Henry, her husband. This divorce was granted by the circuit court of Sullivan county, Missouri. In October, 1878, she died. The evidence is, in fact, uncontradicted that David Henry and Rebecca Smith, although living apart, were husband and wife from April 19, 1839, to April 9, 1873, a period of thirty-four years. After deserting this wife in 1842 David Henry moved out of the state of Missouri, and remained away for a number of years, returning about the year 1848.

Appellants contend that David Henry and one Susan Strong were married in Missouri on the 20, of June, 1849. It is conceded that this marriage was null and void, as the first wife was living at the time, but it is insisted that the children of this union were legitimated by the statute of Missouri, which provides that: " *The issue of all marriages deemed null in law or dissolved by divorce, shall be legitimate.*" These children are the appellants, Joseph G. Henry and Malissa Henry Harris. Joseph was born in Missouri in 1850, and Malissa in 1852, and both continued to reside in that state up to and at the time of the trial in the district court. About the year 1852 David Henry and Susan Strong crossed the plains and lived and cohabited together in California and Oregon for about nine years, returning to Missouri in 1861. They then separated and did not thereafter live together.

After the death of David Henry's first wife, Rebecca, which occurred upon the 21, day of August, 1879, in Sullivan county, Missouri, he married Calista Evans, who sur-

vived him. This marriage, like the first, is admitted to have been valid. In 1879 David Henry and his wife, Calista, took up their residence in Colorado, and continued to reside in this state until his death, in 1891. After the separation of David Henry and Susan Strong, in 1861, they never met. A trial in the district court resulted in a verdict and judgment for appellees. Plaintiffs bring the case here by appeal.

Mr. J. W. McCREERY, Mr. CHAS. D. TODD, Mr. GEO. HALL, and Mr. HOMER HALL, for appellants.

Mr. H. N. HAYNES, and Mr. JOHN H. REDDIN, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

There is some controversy in this court as to the precise ground upon which the judgment in favor of appellees was placed by the court below. We do not see, however, that this can be a material issue in the case. The record shows that both plaintiffs and defendants offered all their evidence in the court below, and rested. The record further shows: "Thereupon, respondents asked for judgment against the petitioners and for their costs herein."

The Court: "There will be an order entered as to dismissal against the petitioners, and for the defendants' costs."

Thereupon judgment was entered in favor of the defendants.

Upon this appeal we are not concerned with the reason given by the district court for its judgment. We are to look solely to the conclusion reached by that court, and if, for any reason, the plaintiffs failed to make out a good cause of action, the judgment must be affirmed. It is admitted by the appellants that they are not entitled to inherit under the laws of the state of Colorado, nor otherwise than by virtue of the statute of the state of Missouri, which reads as fol-

lows : "The issue of all marriages deemed null in law, or
dissolved by divorce, shall be legitimate." It is evident
that this statute operates only upon the issue of marriages,
and not upon the offspring of every unlawful cohabitation,
so that in order to be aided by this statute, it must appear
that a marriage of some kind existed between his parents.
This is not only in obedience to the plain language of the
statute, but is the construction placed upon it by the courts
of the state of Missouri. *Johnson v. Johnson*, 30 Mo. 72;
*Buchanan v. Harvey*, 35 Mo. 276; *Green v. Green*, 126
Mo. 17.

Plaintiffs, assuming this burden, allege in their complaint,
that a marriage between David Henry and Susan Strong
was, in fact, solemnized in Sullivan county, Missouri, on the
20, day of June, 1849. It devolved upon the petitioners
to prove this marriage, as alleged; but their evidence upon
this issue is far from satisfactory. To support the claim
that such a marriage did take place, certain depositions
were introduced at the trial. The witness, Jane Stone-
broker, testified that her maiden name was Jane Strong, and
that she was the daughter of Susan Strong, and a half-sister
of appellants, Joseph G. Henry and Malissa Henry Harris.
She says that David Henry and her mother were married in
Sullivan county, Missouri, on the 29, day of June, 1849,
and that witness was present at their marriage, and mentions
the names of seven or more other people who were also pres-
ent. This deposition was taken in a proceeding to perpet-
uate testimony sometime before the institution of this action.
The witness was not subjected to cross-examination. Al-
though she testifies directly and positively to the marriage,
she does not attempt to give details, but rests content with
the general statement that a marriage took place, the witness
being only seven years of age at the time.

The deposition of Susan Strong Henry, the mother of Jane
Stonebroker, was, also, introduced at the trial. She cor-
roborates her daughter's evidence as to the marriage, and
says that it was solemnized by the Reverend John Price, a

Methodist minister living near by.  With the exception of one Leonard Strong, who was only two years old at the time of the alleged marriage, the evidence of no other witness to the ceremony was introduced, although a number of the parties were living at the time of the trial, who it is claimed were present at the time of the marriage.  The witnesses mentioned, and others, testified that David Henry and Susan Strong lived together as husband and wife for the period of about ten years, and that during this time he often spoke of her as his wife, and occasionally introduced her to others as bearing such relation.  This evidence was offered for the purpose of establishing a marriage upon the doctrine of presumption.  This doctrine is stated by Mr. Bishop, in his new work on Marriage, Divorce and Separation, vol. 1, § 932, as follows: " When a man and woman are living together in apparent matrimony, so that they are accepted by the community as husband and wife, they are presumed, in the absence of counter presumptions or proofs, not to be violating the due order of society and breaking the law, but to be in fact married."

This presumption, it will be seen, is founded upon the maxim that fraud and coven are not generally presumed, the presumption of the law being usually in favor of honesty and morality.  If, then, the law will not presume vice and immorality *a fortiori*, it is not to be presumed that one of the parties to an alleged marriage was guilty of bigamy in consummating the marriage.  In other words—the presumption of marriage in this case, arising from cohabitation, etc., is overcome by proof that David Henry, at the time that he is alleged to have taken marital vows binding himself to Susan Strong, and during the whole time that he was living with her, had a wife living.

Moreover, the law of Missouri in force at the time this marriage is said to have been solemnized, and now in force, provides that every person, having authority to join others in marriage, shall within three months after performing the ceremony cause to be filed with the clerk and recorder of the

county where the marriage took place a certificate thereof. This statute makes the violation of its provisions punishable by a fine of $50.00 and costs. The act further provides that it shall be the duty of the county clerk and recorder to record such certificate, and fixes a penalty of $100 for failure so to do. The presumption of law is that neither the minister who, it is claimed, performed the ceremony, nor the county clerk whose duty it was to enter the certificate of record, violated the statute, and it affirmatively appearing that no certificate of the alleged marriage of David Henry and Susan Strong was filed, as required, raises a strong presumption against such a marriage.

Referring again to the deposition of Susan Strong, we observe that it contains a number of letters, written by David Henry to the witness after the marriage between the parties is said to have been solemnized. In the first of these letters, he addresses her as " Dear Friend "; in the second, " My Most Respected Friend " ; in the third, " Miss Susie " ; in the fourth again, " Dear Friend "; in the fifth, " Dear Friend and Children." These are hardly the terms in which a man addresses his wife. It is true that in one letter he addresses his wife and children as " Dear Family," but in only one of these letters is the word " wife " used. We think this is strong presumptive evidence that the relationship claimed did not exist at the time these letters were written. Another witness for the plaintiffs testifies that David Henry said to him, in speaking of the Oregon trip, " This woman that I took to Oregon with me helped to make me what I have got, and them children I expect to provide for." Another witness says, that " David Henry told me about him and Joe's mother having lived together about ten years." Such evidence strongly tends to show the true relationship existing between these parties at the time, and that it was not that of husband and wife.

Aside from the weakness of plaintiffs' case upon this issue, the defendants introduced strong countervailing evidence. Oliver Johnson, who was sworn at the trial, testified that he

was a slave in the family of the father of David Henry, and that he remembered the marriage of David Henry to Rebecca Smith, in 1839; that these parties lived together about four years, when they parted. He says that he was working on the widow Strong's place in 1849 at the time of her alleged marriage to David Henry; that he heard nothing of such a marriage, and states facts strongly tending to show that he would have been likely to have known of it had one been solemnized. He says that Mr. Henry used to come frequently to the Strong house, at night and stay all night, going away in the morning, and that other men did the same thing; but that he never heard Mrs. Strong claim to be married to David, and that David Henry never intimated in his presence or hearing that Mrs Strong was his wife. The witness further swears that he knew all of David Henry's near relatives—father, mother, brothers and sisters—and that they never recognized Susan Strong as David Henry's wife.

The witness also testifies that at the time that David Henry and Susan Strong were about to take the trip hereinbefore referred to, to the western coast, a party was made up, and that Mrs. Strong was not mentioned as one of the party, but that she went out on the road, and by a prearranged plan with David Henry, he overtook her and the two made the trip together. When David Henry returned from California, he told the witness that Susan Strong had gone to Indiana, and that he had helped her all he was going to. The record further shows that for more than a quarter of a century Susan Strong never claimed any rights by reason of being the wife of David Henry, and she certainly never sought for the enforcement of any of those rights, or the redress of any of her marital grievances, although the disabilities to a marriage with her were removed from David Henry in 1873, by the divorce of his first wife.

The defendants, also, offered in evidence the depositions of other witnesses, tending to disprove this alleged marriage, among the number being one Jacob Deeds, who swears that

he lived two and one half miles from Susan Strong at the time of the alleged marriage and that he was very well acquainted with the country and its inhabitants. He says that he was a frequent visitor at Susan Strong's from 1848 to 1852, occasionally working for her; that he moved to an adjoining county in 1852, and at that time she told him she was not married. He says that he knew all the preachers in that part of the country, and never heard of one by the name of John Price. This witness testifies that at the time of the California trip, by an arrangement between witness and David Henry and Susan Strong, witness took the latter in secret out on the road and left her at a point previously agreed upon, from which place she was to join David Henry when he came along, and that witness agreed to keep the matter a secret.

A. J. Triplett, who lived about five miles from where Susan Strong lived at the time of the alleged marriage, corroborates many of Deeds' statements. This witness, also, testified to a conversation had with David Henry after his return from the west, in which he spoke of her as the " widow Strong."

Reviewing the whole evidence, we are of the opinion that it fails to show that a marriage ever took place between David Henry and Susan Strong. On the contrary, the strong preponderance of the evidence is against such a marriage. So that, if we were to review this as an original question, without reference to the finding of the trial court, the issue with reference to the marriage must be decided against the appellants. *Barnum et al. v. Barnum et al.*, 42 Md. 251.

Moreover, it is a fundamental rule, that the conclusion of a trial court upon conflicting evidence upon a question of fact, cannot be overthrown upon review in this court, unless the conclusion is so manifestly against the weight of evidence as to show that the lower court either misconceived its force and effect, or that its conclusion was influenced by passion or prejudice, neither of which is claimed in this instance.

The allegation of a marriage of David Henry to Susan

Strong not being established, plaintiff must fail in this action, without reference to the effect of the statute of the state of Missouri legitimating the issue of void marriages or marriages dissolved by divorce, and we shall, therefore, decline to follow counsel in their very able argument upon the question.   Judgment affirmed.

*Affirmed.*