No. 11,992.

BOHE *v.* SCOTT.

Decided March 12, 1928.

Action in replevin. Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. APPEAL AND ERROR—*Evidence.* On review the Supreme Court does not question findings made on conflicting evidence, and will search the record for that testimony which is most favorable to the judgment.

2. CONTRACT—*Sales.* If in the sale of an article of great value at a grossly inadequate price the seller has knowledge neither of its nature nor value, and the purchaser has both but withholds it, the former will not be held to the contract.

3. REPLEVIN—*Demand.* In a replevin action, demand is unnecessary where it admittedly would have been unavailing and would probably result in placing the property beyond the reach of the court.

4. SALES—*Rescission—Tender.* On an attempted rescission of a sale, a demand for the property and tender back of the purchase price is unnecessary, where it clearly appears that they would be unavailing.

5. TENDER—*Sufficiency.* In an attempt to recover one of a number of articles sold, where no price was fixed on the particular article, a tender of the full amount paid for all, is sufficient.

6. *Unavailing.* The right to insist upon a tender is not an arbitrary right; on the contrary, it will yield to circumstances which show that it would either be unjust or an idle ceremony to require it.

7.     *Purpose.* The purpose of a demand and tender is to place the parties in statu quo.

8.   FRAUD—*Misrepresentations—Silence.* One who, after making an innocent misrepresentation, discovers the truth, yet thereafter silently allows another to act on the misrepresentation, is guilty of fraud.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiff in error.

Mr. BENJAMIN E. SWEET, Mr. JAMES A. MARSH, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

SCOTT, defendant in error, was plaintiff, and Bohe, plaintiff in error, was defendant, in the trial court. We hereinafter refer to them by name.

Scott brought replevin to recover a picture and the judgment was against him. He came here on error and a reversal resulted. *Scott v. Bohe,* 81 Colo. 454, 256 Pac. 315. That opinion should be read in connection with this. As therein suggested retrial was had, without additional evidence, before the judge who first heard the cause. This time judgment was for Scott. To review it Bohe now brings error and asks that the writ be made a supersedeas.

The trial court found inter alia that Bohe represented, and he and Scott both believed, that the picture was an old worthless canvas, but that at the time Bohe procured the bill of sale he knew otherwise and that it was of very considerable value, which fact he concealed from Scott; and that as a matter of law no tender was necessary prior to suit because tender would have been unavailing. Each of these findings is assigned as error and we need consider none other.

Bohe is an expert upholsterer and dealer in antique furniture. Scott called him on the evening of February 9, to make an estimate on proposed work. During the conversation Scott exhibited an interior photo of his former home in Kansas, showing certain old furniture and pictures, among the latter the one here in controversy. Bohe inquired about it and together they visited Scott's basement, found the picture, inspected old furniture stored there and agreed that some of it should be taken on the upholstering bill. Bohe stated that the picture, concerning which Scott neither had nor claimed knowledge, was practically valueless, just an old copy in bad condition, in a frame seriously out of repair. Before leaving the house however, Bohe again brought up the subject, said he was just an old fool about such things, but had taken a fancy to the picture and would be glad to pay something for it. Scott was to be married within a few days so said he would talk with his prospective bride about the furniture and picture and report. He did so, 'phoning Bohe the next morning that he could take the picture and certain furniture and the latter promptly called for them. The upholstering was done and the work delivered. Scott was married, took a short trip, and returned. Bohe came to his place March 4, secured a bill of sale for the articles including the picture, presented his bill for $55, and on payment to him of $8 in cash receipted his account in full. Bohe talked with some one concerning the transaction. His statements were reported to Scott who promptly investigated. As a result thereof this suit was instituted.

As we do not review findings made on conflicting evidence we must search the record for that testimony most favorable to the judgment. We thus find that on the evening of February 9, Bohe told Scott that this picture was just an old copy, that the frame was worth as much as the picture, that to clean and repair it would cost more than could be obtained for it, that the picture was taken by Bohe without any agreement as to its price, that it was merely lumped in by Bohe on final settlement, that

on March 4 (which was the date of the consummation of the transaction so far as the picture was concerned), and prior to obtaining the bill of sale and receipting his account, he told a friend that he knew this was an old master, that he wouldn't take $50,000 for his "find" and that the man from whom he obtained it was very ignorant and knew nothing about such things. All this was reported to Scott before suit. The uncontradicted evidence is that this is an original oil portrait, painted by a master about the year 1656, A. D., and that its value is as stated in our former opinion.

The trial court's findings must be interpreted in the light of the evidence. So interpreted they are amply supported. There was neither inadequacy of price nor misunderstanding of value if the thing itself had been what Bohe represented and what Scott believed. The situation is exactly what it would have been had these men been dealing with a substance which Bohe believed to be, and which was in fact, a diamond of fabulous value, but which Bohe represented, and Scott believed, to be a piece of glass. When properly drawn in question men have never been held to such contracts.

In our former opinion we held that demand before suit was unnecessary in this case because it "would admittedly have been unavailing and would probably have resulted in defendant's placing the property beyond the reach of the court." We see no reason to alter that conclusion. It is now argued nevertheless that Scott should have tendered back the purchase price. What we said of demand would appear in reason to be equally true here of tender. However, if we accept Scott's evidence, as we must presume the trial court did, he would not know in what amount, if any, to make such tender because no specific price was ever fixed upon the picture. Nevertheless on the trial he did tender into court an amount equal to the total of Bohe's bill, less the cash payment, and that tender has been kept good. Again, it appears that Bohe took the furniture at his own price, agreed to

on his misrepresentations, and that at the time this action was instituted he therefore had in his possession, exclusive of the picture, property so obtained of a greater value than the total sum due him on his account.

"The right, however, to insist upon tender is not an arbitrary right; on the contrary, it will yield to circumstances which show that it would either be unjust or an idle ceremony to require it." The Law of Fraud, Bigelow, p. 424; *Stimson v. Helps,* 9 Colo. 33, 35, 10 Pac. 290. Moreover, in this case tender was waived because it was an incident only to the validity of demand. Scott had a right to demand the return of the picture, but to give any validity to that demand must tender back the purchase money, if any. There could be no necessity for tender save as an incident to the demand. When Bohe admitted that he would never have surrendered the picture he admitted the futility of tender and thus waived it. The purpose of demand and tender is to place the parties in statu quo and in the instant case that was clearly impossible because of Bohe's persistence in the wrong he had committed.

Assuming that Bohe's statements of February 9, concerning the worthlessness of this picture were made in perfect good faith, it is evident that on March 4 when the price, if any, was fixed and the deal consummated he well knew the contrary and knew also that Scott was then acting on said representations.

"One who after making an innocent misrepresentation discovers the truth, yet thereafter silently allows another to act on the misrepresentation is guilty of fraud. 'In effect he is continuing the representation with knowledge of its falsity.'" Williston on Contracts, Vol. 3, sec. 1497, p. 2664.

It therefore appears that the trial court's findings of fact are supported by the evidence, that no demand was necessary, and that tender into court was all that was required in the instant case. The judgment is accordingly affirmed.