## No. 14,398.

ESTATE OF WEBB.

STATE OF COLORADO ET AL. *v.* WEBB ET AL.

(92 P. [2d] 328)

Decided June 12, 1939.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. REID WILLIAMS, Assistant, Mr. LEWIS M. PERKINS, for plaintiffs in error.

Mr. CHARLES F. BARTH, Mr. FREDERICK B. EMIGH, Mr. IVAN A. BLEVENS, of counsel, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the state and the administrator respectively, the deceased as Webb, and defendants in error as claimants. A former controversy concerning the appointment of said administrator reached this court. *Thompson v. Jack,* 90 Colo. 470, 9 P. (2d) 1118.

Claimants here contend they are the heirs of Webb. The county court found against them and held the estate escheated. On appeal the district court held for claimants and entered judgment accordingly. To review that judgment this writ is prosecuted. The assignments raise questions of the sufficiency of the evidence and the admission of a portion of it.

Two witnesses who testified in the county court died before the trial in the district court. Their testimony was there read. Of the remainder about one-third was by depositions. These facts, plus the intrinsic character of the testimony itself, bring the case within the rule that findings on conflicting evidence will not be disturbed by the reviewing tribunal, and that evidence will be viewed in the light most favorable to the judgment. *Hallack v. Stockdale,* 14 Colo. 198, 23 Pac. 340; *Edwards v. Litch,* 83 Colo. 111, 262 Pac. 1016; *Bohe v. Scott,* 83 Colo. 374, 265 Pac. 694. It is admitted that claimants are the heirs of Joseph Webb and his sister Jane Webb Parfitt and they say, and the district court found, that deceased was a brother of Joseph and Jane. If that finding is supported by the record the judgment must be affirmed.

No good purpose can be served by inserting here a digest and analysis of this voluminous evidence of heirship. Suffice it to say that it establishes, beyond doubt, that

448

said Joseph and Jane, and one John, were born (the latter February 13, 1850) to Eli Webb and his wife Sarah in England, and that one John Webb died at Durango, Colorado, October 12, 1930, leaving the estate here in question. Our further conclusion is that the evidence is overwhelming that deceased was that son of Eli and Sarah Webb. Through letters, a newspaper advertisement, the record in a family Bible, a record of naturalization, a record of initiation in a fraternal organization in Kansas, demit therefrom and reaffiliation in Durango, plus much oral testimony concerning family history and reputation, he is traced from England to New York, thence to Illinois, thence to Missouri, thence to Kansas, and finally to Durango, Colorado. There is further verification through identification of a photograph taken a considerable time after death, but the body had been embalmed and that photograph, which is in the record before us, is peculiarly distinct and enlightening. All this is further confirmed by evidence of physical appearance, mental disposition and partisan politics.

 Part of this evidence, as noted, was introduced by depositions, all over the state's objection. It here contends their admission was erroneous because it had no notice of their taking and no opportunity to cross-examine, and that section 14, chapter 176, '35 C. S. A., was violated. The pertinent portion of that act reads: "No deposition shall be read in evidence [at a hearing to determine heirship] over the objection of any claimant unless such claimant was present at the taking of such deposition or had ample notice of the taking thereof."

In the county court, before the state became a party, the depositions were taken on proper notice. Thereafter, August 3, 1933, the state appeared by a representative of the attorney general's office. The cause was continued to October 16th, then to December 15th, then to January 5, 1934, when the court, having read all the depositions, held deceased intestate. Then, for the first time, came the state as a party in interest. Its position therefore is

similar to that of an intervener. It could not have been notified before, and took the case as it found it. The objection, if otherwise good, came too late. It was not made until the depositions were offered at the trial in the district court, almost three and one-half years after the state was apprised of its interest in the cause. 8 R. C. L., p. 1157, §29; 18 C. J., p. 661, §148; *Doan v. Glenn,* 21 Wall. (U. S.) 33, 22 L. Ed. 476; '35 C. S. A., c. 34, §388. Under the general rule the state therefore could not complain of want of notice. 18 C. J., p. 665, § 159; '35 C. S. A., c. 46, §167. Moreover, the point is settled against the state in this jurisdiction. *Florence Oil & Refining Co. v. Reeves,* 13 Colo. App. 95, 56 Pac. 674. If the state deemed further cross-examination of these witnesses essential to the protection of its interests it should have moved with diligence, otherwise it waived. 18 C. J., p. 665, §159, p. 692, §221; *Deuterman v. Ruppel,* 103 Ill. App. 106. The state, under the instant facts, can not claim the protection of the statute. It could not well be notified when the depositions were taken and first used, since it was not then a party. It is presumed to have known they were properly a part of the record in the district court. It is charged with the knowledge of their contents and notice that they were subject to introduction there. Failure to move in its own protection constituted the waiver and under the circumstances it "had ample notice of the taking thereof."

Objection is made to certain exhibits attached to one of the depositions. This is disposed of by what we have said concerning the objection to the deposition itself.

On the whole we have rarely reviewed a case where a cold and apparently hopeless trail led to such an unanswerable solution as in this. Not because it is a perfect case, with every piece of the mosaic fitting with exact nicety, but because it contains all the minor discrepancies naturally expected in tracing the course of a somewhat disconnected human life and because these are resolved

450

by minor facts of record and bits of testimony which could not in the nature of things have been manufactured, and are wholly irreconcilable, on reason, with any other conclusion than the one reached by the district court.

The judgment is accordingly affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE BOCK concur.