## No. 16,186.

GONZALES ET AL. *v.* CHINN, EXECUTRIX AND TRUSTEE
UNDER THE LAST WILL AND TESTAMENT
OF SEVER, DECEASED ET AL.
(214 P. [2d] 371)

Decided December 19, 1949. Rehearing denied January 23, 1950.

Mr. WILLIAM S. RUSH, Mr. T. LEE WITCHER, Mr. JOHN STUMP WITCHER, Mr. CHARLES F. STEWART, for plaintiffs in error.

Mr. JOHN M. BOYLE, for defendants in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

This action was brought by Ross Eugene Weirick, sole devisee and legatee, and Alice Chinn, executrix and trustee, under the last will and testament of Harriet E. Sever, deceased, against plaintiffs in error Ed and Eloisa Gonzales, to set aside a deed executed by deceased a short time prior to her death, conveying certain property in Salida, reserving therein a life estate, upon the grounds of mental incompetency and undue influence. Plaintiff in error, Gus Argys, intervened, claiming an interest in the property under a contract of purchase from the two Gonzales. The trial court found Mrs. Sever mentally incompetent to execute the deed, set it aside, and entered judgment accordingly. Plaintiffs bring the cause here for review by writ of error.

The facts necessary to an understanding of the issues are: Mrs. Sever, about eighty years of age, became ill October 11, 1945, and, on the advice of her physician, was taken to a hospital in Salida; that the deed above mentioned was dated October 12, 1945, and acknowledged October 13, 1945, reciting the payment by the grantees of "ten dollars and other valuable consideration"; that December 12, 1945, Mrs. Sever was found by a lunacy commission consisting of Dr. G. W. Larimer and Dr. A. J. Bender, to be "so insane or distracted in her mind as to endanger her own person or property or the person or property of another, or others, if allowed to go at large," and "so mentally defective as to be incompetent to care for herself or her property."; that December 13, 1945, she was judicially declared incompetent, and December 13, 1945, committed to, and received by, the Colorado State Hospital at Pueblo, Colorado, where she died December 15, 1945.

The record shows a sharp conflict in the evidence introduced on behalf of the parties. Twenty-two witnesses were called to testify, of whom thirteen testified for the plaintiffs to the effect that the deceased was

insane or so ill in mind and body to be incompetent of knowing what she was doing at the time of the execution of the deed. The nine witnesses appearing for defendants testified to the contrary effect, that she was sane and fully competent to transact business. Approximately nine and one-half pages of the abstract are devoted to the trial court's analysis of the evidence as found in the formal findings upon which the judgment was based. We quote from the record as follows:

"The situation here presented is one which has given the court great concern. This entire array of witnesses on both sides seem to be testifying fairly and honestly as they recalled the condition of Mrs. Sever; with some interest, no doubt, on the part of some witnesses to emphasize their own conclusions. The Court, however, is of the opinion that the matter can be better arrived at, not from what the witnesses have stated Mrs. Sever's condition to be as to being sane or insane, but rather, from the incidents related by these witnesses, taken as a whole, leading up to her condition as affecting her both mentally and physically at the time she executed the deed in question.

\* \* \*

"The Court finds from the evidence that Harriet E. Sever at the time she executed the deed in question conveying Lots 10 and 11 in Block 35, Salida, Colorado, to Ed Gonzales and Eloisa Gonzales, was senile and of unsound mind and unable to comprehend or transact business."

It would serve no useful purpose here to mention all of the incidents set out by the trial court in his findings. It is sufficient to refer to one thereof concerning which the court stated: "It appears from the evidence that in the spring of 1945 witness Penny Childs, who lived next door, stated that Mrs. Sever complained that her daughter, Viola Moore, did not care anything about her and never came to see her, whereas the witness stated that just previous to that time he had seen Mrs. Moore com-

ing up to Mrs. Sever's house in the middle of the street in the snow waist-deep going to see her Mother, and that she was there every morning by eight-thirty, and that it was a week or ten days after that that Mrs. Sever told the witness that her daughter never did come to see her all the time the snow was on, or never did do anything for her; and that he had seen her go there every day a week prior to that time to take care of her rabbits and chickens."

 ██ The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity are all within the province of the trial court, and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice. In the recent case of *House v. Smith,* 117 Colo. 305, 187 P. (2d) 587, we said, quoting from *Henry v. McNealey,* 24 Colo. 456, (50 Pac. 37): " 'It is a fundamental rule, that the conclusions of a trial court upon conflicting evidence upon a question of fact, cannot be overthrown upon review in this court, unless the conclusion is so manifestly against the weight of evidence as to show that the lower court either misconceived its force and effect, or that its conclusion was influenced by passion and prejudice.' "

 It is our duty to search the record for testimony most favorable to the judgment of the trial court where findings made on conflicting evidence are attacked on review. *Bohe v. Scott,* 83 Colo. 374, 265 Pac. 694.

Considering the record before us in the light of the foregoing authorities, we are convinced that the findings of the trial court should not be disturbed. We find no merit in other questions presented.

The judgment is affirmed.

MR. JUSTICE HOLLAND not participating.