No. 17,696.

Denver National Bank, Adm. etc. *v.* Martha Brown McLagan, et al.

(298 P. [2d] 336)

Decided May 14, 1956.

Messrs. GEE, DOBBINS, MAY & LAFFERTY, DOLORES B. KOPLOWITZ, for plaintiff in error.

Messrs. IRELAND, IRELAND, STAPLETON & PRYOR, Mr. JOHN S. KELLOGG, Mr. WILLIAM B. NAUGLE, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

Plaintiff, in its complaint filed in the district court of the City and County of Denver, alleged that it was the Special Administrator of the estate of one Margaret Hurley, deceased; that the defendants, and each of them, were indebted to said deceased for money loaned to them by her in her lifetime; and that Margaret Hurley died November 30, 1953, leaving a last will and testament which was admitted to probate February 8, 1954.

The answer of defendants consisted of a general denial of the allegations of the complaint, and affirmative defenses the pertinent portions of which are, that any debt owed to deceased by defendants was fully paid; that defendants had been released and discharged of any obligations to deceased; and that, "If any money was loaned to the defendants, or any of them, by the said Margaret Harris Hurley, between the years 1928 and 1952, the indebtedness was forgiven by said Margaret Harris Hurley during her lifetime."

Trial was to the court without a jury and resulted in the entry of findings and judgment in favor of defendants. Plaintiff, seeking reversal of the judgment, brings the cause to this Court for review by writ of error.

Martha Brown McLagan is the daughter of deceased, and she and her sister Charlotte Brown are the sole heirs at law and only beneficiaries named under the will. It is undisputed that between the years 1928 and 1952 certain promissory notes totalling $7,000.00 had been executed and delivered to deceased by defendants Martha Brown McLagan and John McLagan who are husband and wife. It further is undisputed that interest on the $7,000.00 indebtedness evidenced by said notes was paid on a current basis until the time of the death of Mrs. Hurley. The evidence is undisputed that the deceased secured a cashier's check in the amount of $2,000.00 from the Denver National Bank on July 25, 1952, and turned it over to John McLagan as a loan. Records kept by deceased indicate that she received interest on this $2000 from Mr. and Mrs. McLagan

Defendant McLagan Brothers Creamery Company had made regular interest payments to Mrs. Hurley of $30.00 semi-annually through July 1953, from which it is argued that the company was indebted to her in the sum of $1,000.00.

Although plaintiff's argument is presented under nine separate captions, there are but three basic propositions upon which it relies for reversal of the judgment, to-wit: (1) That three witnesses were permitted to testify over objections that they were disqualified; (2) that the testimony of the son of Mr. and Mrs. McLagan was so incredible as to be without value to support the judgment; and (3) that as a matter of law there was insufficient evidence to support the findings of fact made by the trial court. The factual situations pertinent to the questions requiring our determination will hereinafter be set forth in our discussion thereof.

Questions to be Determined.

First: *Did the trial court err in ruling that Neil Mc-Lagan, John McLagan and Edward Z. Klahr were competent witnesses?*

■ This question is answered in the negative. Neil McLagan is the son of defendants Martha and John McLagan. At the time of trial he was in the military service and, prior to entering said service, was an employee of the defendant McLagan Brothers Creamery Company. Plaintiff objected to his testimony on the ground that he was disqualified under C.R.S. 1953, 153-1-2, because he was directly interested in the outcome of the action in two ways, viz., as "the son and heir of the defendants John and Martha McLagan," and (2) because under federal law he will be entitled to his former "job at McLagan Bros. Creamery at the end of his military service." The trial court overruled the objection and his testimony was admitted. The evidence clearly was properly received. In *Allen v. Shires,* 47 Colo. 433, 107 Pac. 1070, this Court described the interest which will disqualify a witness under the pertinent statute as follows:

"The true test of the interest, however, as said by Mr. Greenleaf, 1 Green. Ev. (15 ed.), secs. 389, 390, is whether he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action; and it must be a present, certain, and vested in-interest." Applying this test to the instant case it is clear that Neil McLagan was not "directly interested" in the result of the action. *Popejay v. Bahr,* 67 Colo. 385, 176 Pac. 947; *Norris v. Bradshaw,* 92 Colo. 34, 18 P. (2d) 467.

■ As to the testimony given by defendant John McLagan, the facts are that he had written a letter to Charlotte Brown which contained admissions that he was indebted to Mrs. Hurley in a sum totalling $7,000.00. This letter was offered by plaintiff and received in evi-

dence. The trial court permitted this defendant to testify but limited his testimony to matters directly connected with the contents of the letter. This was clearly proper under the express provisions of C.R.S. 1953, 153-1-2 (4). Cline v. Dexter, 72 Nebr. 619, 101 N.W. 246.

Edward Z. Klahr was the attorney for deceased and prepared her will. He was permitted to testify to the circumstances surrounding the execution of that instrument and to statements made by deceased at that time. The evidence was objected to on the ground that under the provisions of C.R.S. 1953, 153-1-7, the lawyer could not reveal communications made to him by his client without her consent. Klahr signed the will as a witness to the due execution thereof, and the trial court ruled that since this was done at the request of the deceased there was a waiver by her of the right which might otherwise have obtained under the statute. Numerous decisions, collected in 64 A.L.R. 184, et seq. hold that an attorney who draws a will is a competent witness, after the death of the testator, to testify to all matters leading up to the execution of the will including statements of the testator, his mental condition, and to facts relating to the issue of undue influence and other matters affecting the validity of the will.

Second: *Was the testimony of Neil McLagan, the principal witness for defendants, so incredible and obviously false that the trial court should have wholly disregarded it?*

This question is answered in the negative. Findings of the trial court pertinent to the question were, that a letter written by defendant John McLagan under date of July 4, 1952, acknowledged the existence of a debt of $7,000.00 owing to Mrs. Hurley; and that:

"Thereafter the defendants by what this Court ruled to be competent evidence showed that on July 4, 1952, Margaret Harris Hurley did surrender these five notes, which notes this Court now holds were the written evi-

dence of the indebtedness referred to in plaintiff's exhibit 20, by delivering over to Martha Brown McLagan these notes with the statement, 'I want thee and John to have these.' Counsel for the plaintiff stress the so-called 'incredibleness' of the defendants' evidence that under date of July 4, 1952, the letter admitting indebtedness was mailed out and that on the same day the debts were forgiven by virtue of surrender. Defendants' evidence indicated that plaintiff's exhibit 20 was typed a few days before July 4, 1952. An examination of plaintiff's exhibit 20 convinces this Court that such was true. In the last paragraph of that exhibit appears the following: 'Unless we hear differently from you we will assume that you approve the plan Martha will propose to her mother.' This paragraph just quoted should be read in connection with the fifth paragraph from the top of the second page of plaintiff's exhibit 20: 'Martha invited her mother to come down over the 4th to discuss with her . . .' All of which leads this Court to the conclusion that plaintiff's exhibit 20 was composed prior to the arrival of Margaret Harris Hurley in Brush, Colorado, over the 4th of July weekend in 1952.

"There is ample legal authority to support the proposition that a debt may be the subject of a gift by the creditor to the debtor and that such is generally referred to as forgiveness of debt and that such may be accomplished by surrendering the debt instrument and that such a voluntary surrender of a promissory note by the named payee to the maker will operate in and of itself as a gift and extinguishment of the debt and in such case it is not necessary to the validity of the gift that the note shown be endorsed by the payee. See C.J.S., Page 828 and 829; 10 C.J.S., page 1037; Roe vs. Roe, 124 So. 734. Although counsel for the plaintiff made some argument to the contrary, it seems to this Court hardly open for dispute that defendants' exhibits 5, 6, 7, 8 and 9 did represent the $7,000.00 indebtedness referred to in plaintiff's exhibit 20. It is incontroverted that said

notes were not found in the safety deposit box of the deceased, Margaret Harris Hurley, nor in her home, but were in the possession of these defendants.

"The net effect of the testimony of Mr. Edward Klahr corroborates the contention that the debt evidenced by these notes had been forgiven."

We have examined the evidence and concluded that it is sufficient to sustain the foregoing conclusions of the trial court. "The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity are all within the province of the trial court, and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice." *Gonzales v. Chinn,* 121 Colo. 126, 214 P. (2d) 371.

Third: *Did the trial court commit error in denying plaintiff judgment for $2,000.00 plus interest, based on the $2,000.00 transaction consummated on July 25, 1952?*

This question is answered in the affirmative. We are satisfied that but one inference can be drawn from the evidence relating to the item of $2,000.00 received by defendants Martha and John McLagan from Margaret Hurley on July 25, 1952. Without question said defendants intended to borrow this money and the fact that interest was paid by them on this sum is not in any manner disputed. The only evidence contained in the record in this case, relating to a cancellation of any loans consummated by said defendants, is to be found in the testimony of Neil McLagan wherein he stated that on July 4, 1952, the notes evidencing the $7,000.00 indebtedness were delivered to Martha McLagan by the deceased who stated at the time of delivery, "I want thee and John to have these." This forgiveness of debt took place twenty-one days before the loan of $2,000.00 was consummated. The trial court in connection with this item made the following finding. "The Court further finds that the $2,000.00 which Margaret Harris Hurley delivered over to the one defendant, John Mc-

Lagan, on or about July 25, 1952, was a gift and not a loan."

It is apparent from the trial court's finding that the sole basis for determining that no loan was intended in the $2,000.00 transaction was that, "No note for this money was executed by the defendants." The undisputed fact remains, however, that the suggestion was made by Martha McLagan to the effect that John could use the $2,000.00 at 6%, and that interest actually was paid thereon, and there is no testimony whatever that this item was included within any forgiveness of debt by Margaret Hurley in her lifetime.

In all other respects the judgment of the trial court has ample support in the evidence. Accordingly the judgment is reversed and the cause remanded with instructions to enter judgment in favor of plaintiff and against defendants John and Martha McLagan for the sum of $2,000.00, plus accrued interest, and costs.

MR. JUSTICE CLARK not participating.