No. 18,055.

RALPH W. BRENAMAN *v.* ALBERT W. WILLIS AS
AL WILLIS SALES COMPANY, ET AL.
(314 P. [2d] 691)

Decided August 19, 1957.

Mr. WALTER F. SCHERER, for plaintiff in error.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. DON R. EVANS, Mr. RAYMOND J. CONNELL, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here as they appeared in the trial court, and we so refer to them.

Plaintiff instituted this action on February 23, 1956, to recover damages allegedly suffered by him as the result of defendants' failure to furnish title to a 1950 Chevrolet truck sold and delivered to him by defendant Willis on July 22, 1955, and for which plaintiff paid to said defendant the agreed purchase price of $475.00. Plaintiff alleged the following items of damages:

(a) Loss of use of truck because of lack of title, $2,600.00;

(b) Telephone calls, etc., $175.00;

(c) Purchase price of truck, $475.00;

(d) Repairs made to truck, $575.00.

Plaintiff prayed for judgment in the amount of

$6,000.00 (this sum being $2,175.00 more than the total of the specific items claimed).

On May 28, 1956, trial was had to the court. Prior to the taking of evidence plaintiff was permitted to amend his complaint by changing item (a) above from $2,600.00 to $13,186.00; item (b) above from $175.00 to $143.72, and the original prayer "by striking the figure $5,000.00 ($6,000.00, not $5,000.00, appears in the original prayer) and inserting $14,379.92." During the course of the trial plaintiff was permitted to again amend item (a) as amended from $13,186.00 to $15,186.00 and to amend the prayer to read $16,261.00.

At the close of the testimony the court found in favor of the plaintiff and allowed as damages items (c), $475.00, and (d) $575.00, or a total of $1,050.00. Item (b) was refused on the ground that no evidence was offered in support thereof. Item (a) was refused on the ground that the alleged damages, if any, were speculative and the plaintiff had done nothing whatsoever to mitigate his alleged loss. Plaintiff brings the matter to this Court seeking review of that part of the judgment which denied plaintiff's claim for loss of use of the truck, (Item a).

It is elementary that findings made by the trier of the facts will not be disturbed on review unless manifestly erroneous.

The following language taken from *Gonzales v. Chinn,* 121 Colo. 126, 214 P. (2d) 371, and quoted with approval in *Denver National Bank v. McLagan,* 133 Colo. 487, 298 P. (2d) 386, we again quote with approval:

"The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity are all within the province of the trial court and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice."

A careful review of the evidence convinces us that the conclusion of the trial court was not manifestly erro-

neous, but was manifestly correct, and that any other conclusion than that reached could not stand.

■ The numerous amendments to plaintiff's complaint wherein plaintiff asks for $2,600.00 for loss of use of the truck, then $13,186.00, and finally $15,186.00 indicates that plaintiff had no definite and abiding convictions as to the extent of his loss, though it is quite evident that he was fully aware of the fact that his loss was mounting satisfactorily, if not spectacularly. It is true that there is no conflict in the evidence concerning plaintiff's loss in this respect. However, it was the duty of the trial court to weigh the evidence and to determine the credibility of the witnesses. Plaintiff's claim that he lost $13,186.00 in anticipated net earnings, because he lacked a title to a $475.00 truck prompts one to pause and ponder. The trial court concluded that plaintiff's alleged losses were speculative and conjectural and could not be recovered. With that determination we agree. Clearly plaintiff's claim has no basis in fact and appears to be the manifestation of an unrestrained vivid imagination.

■ Another and compelling reason for denying plaintiff's claim appears. The record shows that he took no steps whatever to minimize his loss. It was his duty to make a reasonable effort to secure another truck, obtain other employment and do whatever was reasonable to keep his loss at a minimum. The evidence shows that he had previously borrowed and could then borrow a truck to do the job that would produce the fabulous returns he claims were assured. He did not take advantage of this opportunity — he did nothing.

The general rule is stated in Am. Jur. 420:

"One who is injured by the wrongful or negligent acts of another, whether as the result of a tort or of a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize or lessen the resulting damage, * * *."

In *Hoehne Ditch Co. v. John Flood Ditch Co.,* 76 Colo. 500, 233 Pac. 167, this court said:

"Where the defendant has breached a contract it is the duty of the injured party to take such reasonable steps as are within his power to reduce the damages which he has sustained, or to lessen or to avoid them as a reasonably prudent man would take in like circumstances."

We have carefully reviewed all of the testimony and the record as supplemented in this court and find no error in the judgment of the trial court. The judgment is affirmed. The former opinion herein, announced July 15, 1957, is withdrawn.

Mr. Justice Holland not participating.