No. 20760.

FRANK BYRNE *v.* STONE & BIRKLE, INC.
(399 P.2d 940)

Decided March 15, 1965.

MANDEL BERENBAUM, JOSEPH BERENBAUM, JACK LE-
VINE, for plaintiff in error.

HOLLEY and BOATRIGHT, MICHAEL C. VILLANO, for de-
fendant in error.

*In Department.*

Opinion by MR. JUSTICE SCHAUER.

THE parties appear here in reverse order to their appearance in the trial court, and will be referred to as they there appeared, or by name.

In its complaint, plaintiff alleged that it was a mechanical engineering company and sought recovery from Byrne of $8500.00 on each of two counts: (1) contract, and (2) quantum meruit, its services alleged to have been performed in connection with a structure to be erected in Aspen, Colorado, to be known as "Aspenaire." Byrne, in substance, denies the allegations of both counts. The case was tried to the court without a jury, and from an adverse judgment on the first count, in the amount of $8500.00, with costs and interest, Byrne prosecutes this writ of error.

In seeking a reversal of the judgment, Byrne relies upon the following arguments:

1. Since there was no meeting of the minds of the parties, or mutual consent, or definiteness and completeness pertaining to the negotiations, no contract ever came into existence.

2. Since the parties were engaged in preliminary negotiations at most, such preliminary negotiations do not constitute a contract.

3. Since the evidence demonstrates that a future written agreement was contemplated, no contract ever came into existence.

4. Since plaintiff failed to prove a basis for "quantum meruit" recovery, its cause of action on its second count should have been dismissed.

According to plaintiff's first claim for relief, the parties entered into an agreement on October 11, 1960, by the terms of which plaintiff agreed to perform mechanical engineering services with reference to the proposed structure at Aspen, and defendant agreed to compen-

sate plaintiff for such services in a sum equivalent to 3% of the estimated construction costs.

In its second claim for relief, plaintiff alleged that subsequent to October 11, 1960 (the date of the alleged contract), at the special instance and request of the defendant, it performed mechanical engineering services with reference to the proposed structure, which services are of a reasonable value of $8500.00.

The first question for determination is whether or not, on October 11, 1960, a contract was entered into by the parties hereto. A meeting was held at the office of one Bell. Stone and Byrne were present as well as various contractors and architects evidently interested in securing a part of the business in connection with the proposed project. Various phases of the work were discussed and those present agreed that the proceedings were in the nature of preliminary negotiations only. Stone testified that these negotiations ripened into an oral contract when he, Byrne and others met after the meeting in the lobby of the building. At that time, Stone offered to do the mechanical engineering with reference to Aspenaire on the basis of 3% of the construction costs, and Byrne accepted the offer and directed Stone to "go ahead." These statements, coupled with the evidence of the negotiations at the meeting referred to, constituted the necessary elements of a contract. Byrne denies that such an agreement was made. Immediately after this conversation Stone started work and in his testimony described the work in detail. The $8500.00 figure was based upon the percentage of the mechanical engineering services actually finished before the project was abandoned.

The disputed question was as to whether a valid contract ever came into existence between these parties. The record shows a sharp conflict in the evidence introduced on this issue and other related questions, including those raised by Byrne in the arguments upon which he relies for a reversal. They were all submitted to the

trial court, as the trier of the facts, and resolved in favor of the plaintiff.

The trial court announced specific findings regarding the issue in controversy, the pertinent part of which was:

"The evidence further established that as a result and immediate aftermath of this meeting there was a great atmosphere and aura of enthusiasm and optimism among all of the parties as to the proposed project; that immediately after the meeting the defendant herein, Byrne, made definite arrangements with the plaintiff for his compensation for professional work to be performed by him for the benefit of the parties.

"The plaintiff herein relied upon the representations made by all the parties and particularly the defendant herein and commenced work and did turn out work contracted for up to almost 60% of the work at which time he requested to be at least partially reimbursed for the work performed to that date.

"The evidence shows that all the parties hereto were aware of the professional work which had been performed and was in the process of being performed by the plaintiff herein and that in fact the plaintiff was encouraged to continue."

The applicable principle of law involved is well stated in the case of *Gonzales, et al., v. Chinn, et al.,* 121 Colo. 126, 214 P.2d 371, and quoted with approval in *Denver Nat. Bank v. McLagan,* 133 Colo. 487, 298 P.2d 386:

"The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity are all within the province of the trial court, and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice. * * *."

We cannot find from the evidence in this case that the judgment under review is manifestly erroneous, or that

it was actuated by passion or prejudice. Accordingly, it will not be disturbed.

 Defendant argues that the trial court erred in failing to dismiss plaintiff's second claim for relief, based on "quantum meruit." He suggests that the case be remanded for that reason.

In our view of the case such remand would be an idle gesture. While it is true that if a party has several remedies for the recovery of the same debt, he may resort to them all, yet he can have but one satisfaction. Plaintiff sought recovery for the same amount in each of its claims for relief, each based upon the same factual situation, and recovery of the claimed amount on its first claim automatically negates any recovery on its second claim.

 We find that the trial court's determination of the facts in controversy is supported by competent evidence consistent with sound legal principles. For the reasons above given we affirm the judgment.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS concur.