**BERT BIDWELL INVESTMENT COR-PORATION, a Colorado corporation, Plaintiff–Appellant,**

v.

**LaSALLE AND SCHIFFER, P.C., and John D. LaSalle and Spencer Schiffer, Defendants–Appellees.**

No. 89CA0577.

Colorado Court of Appeals, Div. VI.

June 28, 1990.

Rehearing Denied Aug. 2, 1990.

Kevin R. O'Reilly, Hugh Warder, Glenwood Springs, for plaintiff-appellant.

Krabacher, Schiffer & Hill, P.C., Spencer F. Schiffer, Aspen, for defendants-appellees.

Opinion by Judge SILVERSTEIN *.

Plaintiff, Bert Bidwell Investment Corporation (landlord) appeals from a summary judgment in favor of defendants, LaSalle and Schiffer, P.C., John D. LaSalle, and Spencer Schiffer (tenants). We affirm.

In 1986, the parties executed a lease which by its terms was to terminate on April 30, 1991. However, as of November 1, 1986, the tenants vacated the premises and ceased paying rent.

In September 1986 tenants had advised the landlord that one Neilly was ready, willing, and able to assume the lease as written, and to use the premises for the same business as that of the tenants. The landlord, however, refused to accept Neilly as a tenant. The premises remained vacant until April 1, 1987, when the landlord executed a new lease with a new tenant.

The landlord brought this action to recover the lost rental payments and taxes and other expenses. The tenants admitted they had breached the lease, and alleged, as an affirmative defense, that the landlord had failed to mitigate its damages by unreasonably refusing to consent to an assignment of the lease to Neilly. The tenants then moved for, and were granted, summary judgment on that ground.

■ The lease provides:

"The tenant shall not have the right to sublet the demised premises, or any part or parts thereof. Tenant agrees that it will not otherwise assign this lease, or any interest therein, without the written consent of the landlord first had and obtained."

Relying upon this provision, the landlord contended in the trial court, and asserts on

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

appeal, that, after the breach, it had the right to relet the premises as it saw fit and to be arbitrary in so doing. We do not agree.

In *Schneiker v. Gordon*, 732 P.2d 603 (Colo.1987), the supreme court held:

"The rules for awarding damages in the context of abandonment and breach by the tenant should discourage, rather than encourage, economic and physical waste.... We believe that the contract principle of 'avoidable consequences' or 'duty to mitigate' should be applied in this context...."

Further, "a party injured by a breach of contract has a duty to make a reasonable effort to reduce the damage sustained." *Tull v. Gundersons, Inc.*, 709 P.2d 940 (Colo.1985). In determining whether the injured party has acted reasonably, our Supreme Court has held that the injured party should take such steps "as a reasonably prudent man would take in like circumstances." *Brenaman v. Willis*, 136 Colo. 53, 314 P.2d 691 (1957).

The record discloses that in addition to the landlord's belief that it had the right to refuse arbitrarily to accept the tendered new tenant, the sole ground for its refusal was that the landlord's president "didn't like him." In *List v. Dahnke*, 638 P.2d 824 (Colo.App.1981) it was held that: "Arbitrary considerations of personal taste, convenience, or sensibility are not proper criteria for [a landlord's] withholding consent under ... a lease provision."

The trial court found that there was no dispute as to any material fact, and that under those facts the landlord had acted unreasonably in refusing to accept Neilly as a tenant. As stated in *List v. Dahnke, supra:*

"Whether a landlord has unreasonably withheld consent to a lease assignment is a question of fact, and an appellate court will not disturb the trial court's findings of fact unless they are so clearly erroneous as not to find support in the record."

Here, the record supports the trial court's findings. Accordingly, the findings will not be disturbed.

Tenants' request for assessment of attorney fees is denied.

Judgment affirmed.

KELLY, C.J., and PLANK, J., concur.